398 S.E.2d 98 (1990)
Richard SMALL, t/a Richard Small Paving Company
v.
COMMONWEALTH of Virginia.
Record No. 0627-87-1.
Court of Appeals of Virginia.
November 20, 1990.
Rehearing En Banc Granted January 4, 1991.
*99 Ronald M. Pearce (Richard M. Bing, Pearce & Bing, Richmond, on brief), for appellant.
John H. McLees, Jr., Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., Frank S. Ferguson, Asst. Atty. Gen., on brief), for appellee.
Present: KOONTZ, C.J., and BAKER and BARROW, JJ.
BARROW, Judge.
This appeal of a criminal contempt conviction addresses the issue of whether the conviction is barred by constitutional double jeopardy principles because of fines imposed in a prior civil contempt proceeding arising out of the same transactions. We hold that, because the fines imposed in the prior civil contempt proceeding were punitive instead of remedial, they constituted a criminal sanction and barred the later imposition of additional criminal sanctions. Because we reverse on double jeopardy grounds, we do not address the defendant's claim that he was denied a speedy trial. Finally, we conclude that we may not consider in this appeal the defendant's contention that he was denied due process in the earlier, civil contempt proceeding.
The defendant appeals from a judgment of contempt for failure to comply with an earlier order of the trial court. The earlier order enjoined him from certain conduct that did not conform with the Virginia Home Solicitation Sales Act, Code §§ 59.1-21.1 through 59.1-21.7:1. Prior to the issuance of the injunction, the defendant, a paving contractor, had entered into an agreement with the Commonwealth of Virginia through the Attorney General's office. This agreement was incorporated into the trial court's order enjoining the specified activity. The injunction followed as a result of the trial court's finding that the defendant had violated the terms of the agreement.
Less than four months after entry of the decree enjoining the defendant, the Commonwealth initiated two contempt proceedings, including this one, against the defendant. These proceedings were based on discovery that the defendant had continued to engage in the conduct from which he had been enjoined. In one of the proceedings, the Commonwealth sought to have the defendant found in civil contempt of court and, in the other, in criminal contempt.
Both the civil and the criminal proceedings were consolidated and set for trial. However, at the trial it was discovered that the defendant had not been properly served in connection with the criminal contempt proceeding, and the trial court postponed that hearing. After hearing evidence on the motion for civil contempt, the court found the defendant in contempt and ordered him to pay to the Commonwealth of Virginia (1) $16,999.50 to be disbursed to four customers of the defendant to reimburse them for damages they had sustained, (2) $2,425.50 in attorney's fees and $136.50 in costs arising from the prosecution and preparation of the proceeding, and (3) $3,000 "in civil penalties for the respondent's *100 willful and flagrant violations of the court's final order."[1]
Later, before the trial on the criminal contempt proceeding, the defendant moved to dismiss the criminal proceeding on the ground that the $3,000 in "civil penalties" previously imposed in the civil proceeding represented a criminal sanction and his right to be free from being twice put in jeopardy for the same offense barred the imposition of further criminal penalties. The trial court denied this motion, and the defendant appealed.
While it is true that both criminal and civil sanctions may be imposed as a result of the same conduct, United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 1899, 104 L.Ed.2d 487 (1989), the double jeopardy clause bars the imposition of two separate penalties if both are punitive. Id. 109 S.Ct. at 1902. The labels "criminal" and "civil" are not of great importance in determining whether a later punishment is barred by the double jeopardy clause. Id. at 1901. Furthermore, it is not the "fact of punishment but rather its character and purpose" that distinguishes civil and criminal contempt. Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911). The punishment for civil contempt is remedial and for the benefit of the injured party. Id. The punishment for criminal contempt, however, is punitive, "to vindicate the authority of the court." Id.
The double jeopardy clause becomes operative if one of the sanctions "may not fairly be characterized as remedial" and both sanctions may be characterized only as either "a deterrent or retribution." Halper, 109 S.Ct. at 1902. A sanction is not "remedial" if it "bears no rational relation to the goal of compensating" the injured party, which may include the government, for its loss. Id. The trial court must determine the amount of a civil sanction so that it will not cross "the line between remedy and punishment." Id. Even though such a determination may often, by necessity, be an approximation, it must be an approximation that ensures both "that the Government is fully compensated for... [its costs] and that, as required by the Double Jeopardy Clause, the defendant is protected from a sanction so disproportionate to the damages caused that it constitutes a second punishment." Id. at 1903. In other words, the government may not obtain a judgment in a civil action for contempt "that is not rationally related to the goal of making the Government whole," and, in addition, impose a criminal penalty upon the defendant based on the same conduct. Id. at 1903.
The $3,000 in "civil penalties" imposed on the defendant in this case bears no rational relation to the goal of compensating the government for its loss. In addition to these penalties, the trial court also awarded the Commonwealth almost $17,000 for damages to be disbursed to the customers injured by the defendant. In addition, it awarded more than $2,500 in attorney's fees and expenses incurred by the Commonwealth in prosecuting and preparing the case. There was no evidence of any other losses experienced as a result of the defendant's conduct.
Without evidence of further loss there was no remedial basis for the trial judge's award of the penalties. Even if necessity required an approximation of a loss, there must be some evidence from which to make an approximation. See Halper, 109 S.Ct. at 1903-04. Furthermore, the penalties are not so monetarily insignificant that they are not punitive in effect. See United Steelworkers Local 8417 v. Newport News Shipbuilding and Drydock Company, 220 Va. 547, 551, 260 S.E.2d 222, 225 (1979) (fines of $150 to $500 found to be criminal sanctions where there was no evidence of pecuniary loss).
The trial court explained that the civil penalties were imposed because of the defendant's "willful and flagrant violations of the court's final order." Thus, the civil penalties were designed "to vindicate the *101 authority of the court," the role of a sentence for criminal contempt. Gompers, 221 U.S. at 441, 31 S.Ct. at 498. It was not, therefore, a remedial measure to restore to the Commonwealth a loss it had sustained.
For these reasons we conclude that the $3,000 "in civil penalties" imposed by the court on the defendant in the civil contempt proceeding were in fact punitive in nature and, therefore, barred the later criminal contempt proceeding based on the same conduct.
Having found that the judgment appealed from is barred by the double jeopardy clause, it is not necessary that we address the defendant's contention that he was denied his right to a speedy trial. In addition, since only the judgment of conviction for the criminal contempt was appealed and no appeal was taken from the earlier judgment for civil contempt, we may not consider the defendant's claim that he was denied due process of law in the proceeding resulting in the judgment of civil contempt. See Code § 8.01-675.3; Turner v. Commonwealth, 2 Va.App. 96, 98, 341 S.E.2d 400, 401 (1986).
For these reasons, we reverse the defendant's conviction of criminal contempt.
Reversed.
KOONTZ, Chief Judge, dissenting.
I respectfully dissent from the majority decision in this case. In my view, the criminal contempt conviction is not precluded by the double jeopardy clause protection against multiple punishments for the same offense. Accordingly, I would affirm the trial court on this issue.
Reduced to its essential facts, this case involves continual violations of the trial court's order specifically prohibiting Small from continuing to violate certain provisions of the Virginia Consumer Protection Act of 1977. It is not disputed that Small violated the court's order, that his conduct caused financial damage to his customers, and that the Commonwealth incurred costs in instituting the proceedings against him. Civil sanctions were imposed and subsequently Small was convicted of criminal contempt arising out of the same transactions.
While acknowledging that both civil and criminal sanctions may be imposed as a result of the same conduct, the majority concludes that the $3,000 portion of the civil sanction imposed upon Small by the trial court constitutes a bar to the imposition of the subsequent criminal sanction. In reaching this conclusion the majority reasons that the $3,000 bears no rational relation to the goal of compensating the Commonwealth for its loss, was "punitive," and therefore was punishment and not "remedial." On this basis, the majority concludes that the subsequent criminal contempt sanctions constitute multiple punishments for the same offense and are precluded by the double jeopardy clause of the fifth amendment. Primarily, the majority relies upon United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) for this conclusion. I disagree with the majority's interpretation of Halper.
Halper, described by the Supreme Court as a "rare case," involved the imposition of a civil sanction upon a defendant who already had been convicted and punished for a crime arising out of the same transaction. The Court found that the imposition of a $130,000 civil sanction under the pertinent statute was sufficiently disproportionate to the government's expense (approximately $16,000) in prosecuting the criminal case and, therefore, constituted a second "punishment" in violation of double jeopardy principles. The Court stressed, however, that "the only proscription established by [this case] is that the government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the government whole." Id. 109 S.Ct. at 1903. The Court also pointed out the government is permitted in the same proceeding to obtain the full civil penalty and the full range of statutorily authorized criminal penalties. "In a single proceeding the multiple punishment issue would be limited to ensuring that the total punishment did not exceed that authorized by the legislature." Id.
*102 In the present case, the Commonwealth did not criminally prosecute Small, obtain a criminal penalty against him, and then bring a separate civil action against him based on the same conduct. Rather, the Commonwealth sought civil and criminal sanctions against Small in the same proceeding. The criminal proceeding was simply continued to a later date. In Virginia there are no specific monetary limitations on civil sanctions applicable to this case. As the majority notes, Code § 59.1-206, which provides for specific monetary civil penalties, was not applicable to Small's conduct when this case arose in the trial court. The criminal sanctions imposed by the trial court pursuant to Code § 18.2-456(5) did not exceed that authorized by the legislature. Moreover, the dollar amount of the sanctions is not challenged by Small. Thus, the total punishment imposed in this single proceeding did not exceed that authorized by the legislature.
Assuming, however, that the present case must be viewed as involving two separate proceedings, Halper, in my view, does not require the result reached by the majority. Small does not assert that in the prior civil contempt proceeding the court lacked the authority to require the reimbursement of $16,999.50 for damages sustained by his customers, or to require the payment of the Commonwealth's attorney fees and costs, or the additional $3,000 in "civil penalties" as a result of his violations of the court's prior order. Such an assertion would be without merit. For the reasons stated above, these civil sanctions were within the court's authority. Nevertheless, the majority interprets Halper as requiring or permitting an inquiry into the subjective purposes behind the prior civil contempt proceeding and specifically the imposition of the $3,000 in "civil penalties." In following that inquiry, it determines that the purpose of the $3,000 sanction was "to vindicate the authority of the court," the role of a sentence for criminal contempt, because this sanction was not rationally related to the goal of making the government whole. Accordingly, the majority holds that "the $3,000 `in civil penalties' imposed by the court on the defendant in the civil contempt proceeding were in fact punitive in nature and, therefore, barred the later criminal contempt proceeding based on the same conduct." I disagree with the results of this inquiry. Moreover, I disagree that such an inquiry is either required or permitted by Halper.
The majority recognizes that in civil contempt proceedings necessity may require an approximation of loss. In this case, Small continually violated the trial court's orders, which resulted in numerous hearings before it. The inquiry which the majority follows could have led to a determination that the purpose of this sanction was to coerce Small not to continue his conduct. Similarly, this inquiry could have led to a determination that this particular sanction was imposed to ensure that the Commonwealth was made whole from any loss incurred in these proceedings. In addition to attorney's fees and actual costs, it is not unreasonable to assume that the Commonwealth incurred costs in investigating Small's conduct which led to the financial injury to his customers. In this context, in my view, the $3,000 civil penalty was in fact imposed to coerce compliance and to make the government whole and was not imposed as punishment for earlier misconduct.
The reasonable but differing determinations that can be reached by this inquiry illustrate why I disagree with the majority's conclusion that such an inquiry is either permitted or required by Halper. As expressed by Justice Kennedy in his concurring opinion, "[Halper] constitutes an objective rule that is grounded in the nature of the sanction and the facts of the particular case. It does not authorize courts to undertake a broad inquiry into the subjective purposes that may be thought to lie behind a given judicial proceeding.... Such an inquiry would be amorphous and speculative, and would mire the courts in a quagmire of differentiating among the multiple purposes that underlie every proceeding, whether it be civil or criminal in name." Id. 109 S.Ct. at 1904.
In the present case, the civil sanctions imposed upon Small were clearly within the authority granted to the trial court by the *103 legislature. The $3,000 portion of that sanction was not objectively disproportionate to the loss caused by Small's conduct. Accordingly, I would make no further inquiry and thus not speculate on the purpose of that particular sanction.
For these reasons, I would hold that the civil contempt sanction imposed upon Small did not bar his subsequent criminal contempt conviction. Because I would also hold that he was not denied a speedy trial and that he was not denied due process in the prior civil contempt proceeding, I would affirm his conviction for criminal contempt.

UPON A PETITION FOR REHEARING EN BANC BEFORE THE FULL COURT
On December 4, 1990 came the appellee, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on November 20, 1990 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on November 20, 1990 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.
NOTES
[1] These penalties were imposed on August 26, 1986; therefore, they were not imposed pursuant to Code § 59.1-206 which was not applicable until July 1, 1987, when Code § 59.1-21.7:1, extending the enforcement provisions of the Virginia Consumer Protection Act to the Virginia Home Solicitation Sales Act, became effective.