## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Simpson

March 15, 1995

Case No. CM940466

BY JUDGE ALFRED B. SWERSKY

This matter is before the Court on Defendant's Motion to Dismiss these habitual offender proceedings. Simpson asserts that the restrictions on her privilege to operate a motor vehicle as a result of her being declared an habitual offender constitute a second punishment for the commission of the earlier offenses which form the basis of these proceedings. She argues that the Double Jeopardy provisions of the Constitution of the United States bar these proceedings and relies on *United States v. Halper*, 490 U.S. 435 (1989), and *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. ____, 128 L. Ed. 2d 767 (1994).

Under these holdings, this Court must analyze the purpose of the habitual offender statutory scheme to determine if it inflicts a punishment upon Defendant or if its purpose is remedial in character. *Halper, supra,* 109 S. Ct. at 1902; see also *Small v. Commonwealth*, 12 Va. App. 314 (1991).

The habitual offender statutory scheme is not punitive in nature and inflicts no additional punishment. The scheme is remedial, designed to remove unsafe drivers from Virginia's highways. *Whorley v. Commonwealth*, 215 Va. 740 (1975); *Davis v. Commonwealth*, 219 Va. 808 (1979).

The scheme itself provides only for the suspension of the privilege to operate a motor vehicle for an indefinite period with a maximum of ten years (Code of Virginia, § 46.2-356), restoration within lesser time limits and under certain conditions being permitted (§ 46.2-358 to 46.2-361). No other sanctions are imposed, and the statute provides punishment only if

the order is violated and then with all of the due process protections attaching to criminal prosecutions (§ 46.2-357).

It can hardly be said that the deprivation of the privilege to drive under these circumstances constitutes a punishment even if there is some degree of deterrence involved, *Kurth Ranch, supra*, 128 L. Ed. 2d at 779. The statutory scheme is fairly characterized as remedial, and Simpson's motion to dismiss will be denied. Likewise, Defendant's objection under *Nesselrodt v. Commonwealth*, 19 Va. App. 448 (1994), are noted and overruled.

The matter is set for March 28, 1995, and will remain scheduled for that date.