## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Pamela L. House

Case No. M001103

Commonwealth of Virginia

    v.

Linda L. Joy

Case No. M001288

June 28, 1995

By Judge Michael P. McWeeny

These matters came before the Court on June 2, 1995, upon defendant's respective Motions to Dismiss charges under Virginia Code § 18.2-266 on the grounds that prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, Section 8, of the Virginia Constitution. Briefs were filed in final form on June 20, 1995, and the Court has had the benefit of detailed presentations regarding the general state of the law on the subject and the many conflicting judicial decisions in the trial courts of the Commonwealth. For the reasons stated below, the Motions to Dismiss are denied.

### Facts

These cases involve arrests on January 19, 1995, and February 20, 1995, respectively, for an offense of driving while under the influence of alcohol. In each case, the defendant's license to operate a motor vehicle in the Commonwealth was suspended for seven days pursuant to Virginia

Code § 46.2-391.2. The defendants now face trial in the Fairfax Circuit Court for the charged offenses.

## Issues

As stated in the defense brief, the question presented is "whether jeopardy attached during the Administrative Driver's License Suspension, pursuant to Virginia Code § 46.2-391.2, so as to bar subsequent prosecution for the underlying offense of driving while intoxicated." This question raises three issues[1] for analysis for double jeopardy purposes:

1. Does Administrative License Suspension pursuant to Virginia Code § 46.2-391.2 constitute punishment or is it a remedial measure?

2. Do the Administrative License Suspension process and the prosecution under Virginia Code § 18.2-266 constitute a single or successive proceedings?

3. Does the Administrative License Suspension process and subsequent prosecution under Virginia Code § 18.2-266 violate the "same elements" test contained in *Blockburger v. United States*, 284 U.S. 299 (1932)?

## Analysis

Any analysis must begin with an examination of the statute. Virginia Code § 46.2-391.2(A) reads (in part) as follows:

> If a breath test is taken pursuant to § 18.2-268.2 or any similar ordinance of any county, city or town and the results show a blood alcohol content of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath, or the person refuses to submit to the breath test in violation of § 18.2-268.3 or any similar local ordinance, and upon issuance of a warrant by the magistrate for a violation of § 18.2-266 or § 18.2-268.3, or any similar local ordinance, the person's license shall be suspended immediately for seven days . . . .
>
> A law enforcement officer, acting on behalf of the Commonwealth, shall serve a notice of suspension personally on the arrested person. When notice is served, the arresting officer shall promptly take possession of any driver's license held by the person and issued by the Commonwealth and shall promptly deliver it to the magistrate . . . .

---

[1] As neither defendant sought a hearing pursuant to Virginia Code § 46.2-391.2(C), the issue of collateral estoppel is not before the Court.

The defense argues that this process is a judicial proceeding, jeopardy attaches, punishment is imposed, and any subsequent prosecution under § 18.2-266 constitutes a separate proceeding barred by the Double Jeopardy Clause.

> [T]he Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment. That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

## A. *Punishment or Remedial Measure*

If Administrative License Suspension (ALS) is not punishment, it cannot serve as a basis for application of the Double Jeopardy Clause. The Commonwealth argues that this is a mere "civil" penalty imposed for a purely remedial purpose.

It is true that it is permissible to have both a criminal and a civil penalty for the same act. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 359 (1984). However, "the determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purpose that penalty may fairly be said to serve." *United States v. Halper*, 490 U.S. 435, 448 (1989).

Clearly, it was the purpose of the Legislature in creating ALS to impose a civil penalty. The procedures in the statute are labeled "administrative," and the case is docketed in the civil division of the court. As noted in *Assortment of 89 Firearms, supra*, at page 365, "only the clearest proof that the purpose and effect of the forfeiture are punitive will suffice to override (the legislative body's) manifest preference for a civil sanction."

Historically, the courts of the Commonwealth have deemed the motor vehicle licensing laws to be designed "to protect the use of the highways from those who are not qualified to operate motor vehicles . . . ." *Prichard v. Battle*, 178 Va. 455, 461 (1941). Accordingly, they have found license revocation to be civil and remedial, rather than punishment.

> [T]he universal holding is that such a revocation is not an added punishment but is a finding that by reason of commission of the act or the conviction of the licensee, the latter is no longer a fit

person to hold and enjoy the privilege which the State had heretofore granted him under its police power. The authorities agree that the purpose of the revocation is to protect the public and not to punish the licensee. *Id.* 462.

Yet, having seen the general purpose of licensure and suspension/revocation, the Court turns to the "particularized assessment of the penalty imposed and the purpose that penalty may fairly be said to serve." *Halper, supra,* 448. In the case of *Austin v. United States,* 509 U.S. ——, 113 S. Ct. 2801 (1993), the United States Supreme Court held that a forfeiture of a mobile home and auto body shop, while remedial in nature, constituted punishment. Quoting from *Halper,* they stated "[a] civil sanction that cannot fairly be said *solely* to serve a remedial purpose but rather can only be explained as also serving either retributive or deterrent purposes is punishment as we have come to understand the term." *Id.* 2812. Subsequent thereto, the Court held that a criminal prosecution for selling drugs and a second proceeding to impose a tax on the possession of those drugs constituted a violation of the Double Jeopardy Clause holding "[t]he proceeding Montana initiated to collect a tax on the possession of drugs was the functional equivalent of a successive criminal prosecution that placed the Kurths in jeopardy a second time 'for the same offense'." *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. ——, 114 S. Ct. 1937, 1948 (1994). In *Halper, Austin,* and *Kurth Ranch,* the Court directs analysis as to whether the alleged civil sanction is disproportionate to, or fails to serve, the remedial purpose for which it is said to be designed.

The ALS process cannot fairly be said solely to serve a remedial purpose. By its very nature, it results in a short period of suspension unrelated to the purposes of removing dangerous drivers from the highways as defined by *Prichard, supra.* At the end of seven days, the Code requires the clerk of the court to "promptly return the suspended license." Virginia Code § 46.2-391.2(A). There is no requirement of a finding that the driver is no longer a danger on the highways, nor is there a prerequisite of alcohol counseling or treatment. While there is some remedial purpose in removing the license of a dangerous driver for any period, there is no relationship between the seven-day suspension period and the expressed "remedial" purpose. The sanction clearly has at its foundation a "retributive or deterrent" purpose, and in accord with *Halper,* it constitutes punishment.

B. *Single or Successive Proceedings*

Having found the sanction to be punishment, if the ALS and the subsequent prosecution under Virginia Code § 18.2-266 constitute multiple prosecutions for the same offense, then the second prosecution would be barred by the Double Jeopardy Clause.

Initially, the Commonwealth argues that there is no "proceeding" under ALS unless the defendant requests one to challenge the finding of probable cause. It also is asserted that there is no "judicial act." The theory as presented in oral argument is that ALS constitutes an administrative act whereby the officer must suspend the license upon the happening of certain acts. This is a misreading of the statute.

ALS is a judicial proceeding in which a magistrate performs the act which suspends the license. "[U]pon issuance of a warrant by the magistrate . . . the person's license shall be suspended immediately for seven days . . . ." Virginia Code § 46.2-391.2(A). It is only after the suspension has been effected that the officer must serve notice and take physical possession of the license. *Id.*

Having found that ALS is a judicial act, does it constitute a separate proceeding? It is well settled that the Double Jeopardy Clause does not bar multiple sanctions imposed in a single proceeding. *Missouri v. Hunter*, 459 U.S. 359 (1983). The analysis in *Halper* would not change this view. "[N]or does the decision prevent the government from seeking and obtaining both the full civil penalty and full range of statutory authorized criminal penalties in the same proceeding. In a single proceeding, the multiple punishment issue would be limited to insuring that the total punishment did not exceed that authorized by the legislature." *Halper, supra,* 1903.

The defense contends that ALS and the subsequent prosecution are separate proceedings, as in ALS the license is taken by the judicial officer, reviewed by the General District Court in a civil proceeding, has a separate docket file, a civil docket number, and is indexed separately from the underlying charge. It also is noted that if there is a review hearing under Virginia Code § 46.2-391.2(C), the burden of proof differs from the underlying charge.

In analyzing this issue, the Court found the reasoning of *United States v. Millan*, 2 F.3d 17 (2d Cir. 1993), to be of assistance. That case involved criminal charges and a civil action for forfeiture instituted by the government. As in the cases at bar, it was necessary to determine whether the forfeiture action was part of a single prosecution. In making its determi-

nation, the Court examined the surrounding circumstances and found that despite separate warrants and separate docket numbers, the actions were all part of a single prosecution. The decision was based in part upon the fact that the warrants were based upon the same affidavit, instituted on the same day, for a single purpose. *Id.*, 20-21.

Another Federal Circuit Court opinion on the subject is *United States v. One Single Family Residence*, 13 F.3d 1493 (11th Cir. 1994). In following the same general analysis, they reached a conclusion similar to *Millan* and coined the phrase "single, coordinated prosecution" to describe multiple events part of a single proceeding for double jeopardy purposes. *Id.*, 1499.

A similar examination was used to a different conclusion by the Ninth Circuit in *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir. 1994). There the Court held that the civil forfeiture proceedings and the criminal convictions based upon the same drug and money laundering offenses were separate proceedings. The analysis found "two separate actions, one civil and one criminal, instituted at different times, tried at different times before different fact finders, presided over by different district judges, and resolved by separate judgments." *Id.*, 1216. The court went on to say "[a] forfeiture case and a criminal case would constitute the *same* proceeding only if they were brought in the same indictment and tried at the same time." *Id.*, 1216.

It is suggested by the defense that the Commonwealth would follow the decision in the Ninth, rather than the Second or Eleventh Circuits. To that end, they point to *Small v. Commonwealth*, 12 Va. App. 314 (1990), which is, indeed, a case analyzing double jeopardy involving actions for criminal and civil contempt. Its holding, however, does not address whether there was a single or successive prosecution. The dissent (on a 5 to 4 *en banc* decision) does make such an examination; however, neither the majority nor the dissenting opinion state whether the claims were *initiated* at the same time or merely consolidated for trial and then severed for procedural reasons.

As suggested in the briefs, neither *Slater v. Commonwealth*, 15 Va. App. 593 (1993), nor *Padgett v. Commonwealth*, 220 Va. 758 (1980), offers much to the facts of the case at bar.

It is the opinion of this Court that ALS and the subsequent trial under Virginia Code § 18.2-266 constitute "a single, coordinated prosecution" and are not successive prosecutions barred by the Double Jeopardy Clause. Both ALS and the later trial arise out of the issuance of a single warrant, on the basis of a single affidavit, commenced simultaneously as

the part of a single process. No additional warrant, indictment, or information is filed for either prong of the proceedings. The fact that an additional hearing may be commenced upon motion of the defendant does not change the nature of the prosecution any more than any other motion challenging the sufficiency of probable cause.

C. *The "Blockburger" Test*

Even though the Court has ruled that there is a "single, coordinated prosecution," if it is assumed *arguendo* that there are multiple proceedings, it becomes necessary to determine if there is a violation of the "same elements" test of *United States v. Blockburger*, 284 U.S. 299 (1932):

> Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two distinct offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Id.*, 304.

Here, there are two statutes in question: Virginia Code § 46.2-391.2 and § 18.2-266. For ALS under the former, there must be (1) a breath test taken and results of 0.08 percent or more, or a refusal to take a breath test, and (2) the issuance of a warrant by a magistrate for violation of Virginia Code § 18.2-266 or § 18.2-268.3 or similar local ordinance. This must be contrasted with the elements of a prosecution under Virginia Code § 18.2-266 which requires proof that (1) the defendant operated a motor vehicle, (2) while under the influence of alcohol. There are different elements. In a prosecution for driving while under the influence, there is no obligation to prove issuance of a warrant by a magistrate as required for ALS, no requirement to prove that a breath test was taken, that there was a result of 0.08 percent, or that there was a refusal to take a breath test. While ALS can be based upon a breath test result of 0.08 percent, it is not necessary to the finding to prove the defendant is "under the influence."

It is noted that it can be argued that the ALS element of taking the breath test means that a person has been arrested for a violation of Virginia Code § 18.2-266 and that the ALS element of issuance of a warrant means there is probable cause to believe the elements of Virginia Code § 18.2-266 exist. While one can reach the ultimate conclusion of each prong in this manner, the Court cannot agree with this analysis. The Court finds that such an approach fails to address the fact that the blood alcohol content of

0.08 percent raises a presumption that the defendant was under the influence of alcohol but is not an element under Virginia Code § 18.2-266(ii). It also fails to take into account the refusal to take a breath test which not only is missing as an element in a prosecution under Virginia Code § 18.2-266, but is inadmissible during any such prosecution. Virginia Code § 18.2-268.10.

Thus, even when the statutory scheme is approached from a "same elements" test analysis, the Court finds no violation of the Double Jeopardy Clause.

### Conclusion

In addressing these questions, the Court recognizes the nationwide disagreement ("Drunk Driving License Suspensions: Double Jeopardy Dilemma," *Trial*, June, 1995), the varying opinions across the Commonwealth, and the serious local split of authority among thoughtful jurists (as described in "Fairfax DUI practice becomes a game of chance," *Virginia Lawyers Weekly*, June 12, 1995). Unfortunately, until the Virginia Court of Appeals addresses the issue, these differences of opinion are likely to remain unresolved.

On these cases, the Court finds the Double Jeopardy Clause not to be a bar to prosecution under Virginia Code § 18.2-266 and denies the Motions to Dismiss.