COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


HAYDEN D. McMILLIAN
                                        MEMORANDUM OPINION*
v.    Record No. 1156-03-2                 PER CURIAM
                                        SEPTEMBER 30, 2003
JACQUELINE A. McMILLIAN


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      T. J. Markow, Judge

            (Murray J. Janus; Bremner, Janus, Cook &
            Marcus, on briefs), for appellant.

            (Andrea R. Stiles; Williams Mullen, on
            brief), for appellee.


     Hayden D. McMillian, husband, appeals a decision of the trial

judge finding him in contempt for failing to timely make monthly

spousal support payments to Jacqueline A. McMillian, wife.

Husband argues that the trial court erred in deeming the contempt

proceeding civil in nature and that the finding of contempt

violated the double jeopardy clause.  Husband also contends the

trial judge abused his discretion in awarding wife attorney's

fees.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial judge.  See Rule 5A:27.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

The parties were married in 1978 and divorced in 1996. They entered into a property settlement agreement in 1996, which was incorporated into the divorce decree. The agreement provides that husband is to pay wife spousal support in the amount of $2,500 "due on the 15th day" of the month, commencing in May 1996.

In January 2002, wife filed a petition for show cause in the juvenile and domestic relations district court (J&DR court) claiming that husband was not timely making the monthly spousal support payments. By order entered on December 27, 2002, the J&DR court dismissed the show cause motion and ordered husband to timely pay spousal support by electronic bank transfer to wife's bank account on the fifteenth day of each month. The order also indicates that husband had been paying wife in this manner for "the past several months." The J&DR court also awarded wife attorney's fees.

Both parties appealed the J&DR court's decision to the circuit court. The trial judge entered an order on February 2, 2003, limiting the issues on appeal to the attorney's fees award and wife's motion to hold husband in contempt for failure to timely pay spousal support.

On March 19, 2003, the trial judge held a hearing on the two issues. Wife testified that husband had timely paid spousal support on only two occasions since the divorce. She introduced

correspondence that both she and her counsel had written to husband over the past several years requesting timely payment of the spousal support. Wife stated that husband has made the payment as much as three months late. Husband testified that he was not in arrears with the spousal support payments at the time of the J&DR court hearing or at the time of the trial court hearing. Husband stated that he has been making the support payments by electronic transfer to wife's account since September 2002. Husband also testified that he had never been three months late with a payment and that wife lost, on average, two of the support checks per year, thereby delaying her receipt of the money.

Husband moved to dismiss the appeal of the contempt issue on the ground that the contempt issue was a criminal or quasi-criminal matter, not a civil matter. The trial judge delayed ruling on the issue, allowing wife's counsel to brief the issue.

By opinion letter dated March 25, 2003, the trial judge ruled that the purpose of wife's petition for show cause was "to secure enforcement of the terms of the final decree." The judge found that the evidence established husband had "consistently been late in his spousal support payments," despite the order that he pay on the "15th day of each month." In addition, the trial judge denied husband's motion to dismiss the case, implicitly finding that the case involved a matter of civil contempt and stating that "[t]he

purpose of the show cause was to use the powers of the court to enforce [husband]'s compliance with the final decree and not to punish him for past transgressions."

The trial judge also awarded wife $13,585 in "reasonable attorney's fees" incurred in enforcing her rights under the terms of the final divorce decree.

Husband filed a motion for reconsideration, which the trial judge denied. By order entered April 9, 2003, the trial judge found husband in contempt of court for "willfully failing to timely pay spousal support." The trial judge found that husband did not correct the untimely payments until "a direct deposit procedure was implemented." Because husband was current on the payments at the time of the hearing, the judge did not order incarceration. The order also awarded wife the $13,585 in attorney's fees.

### ANALYSIS

Husband contends the trial court erred in proceeding with the contempt matter as a civil case and not a criminal case.

"Willful disobedience to any lawful . . . order of court is contempt and . . . punishable as such." Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954). A trial court "has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order." Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982).

> "Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree [is] not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents."

Leisge v. Leisge, 224 Va. 303, 309, 296 S.E.2d 538, 541 (1982) (citation omitted). "[I]t is not the 'fact of punishment but rather its character and purpose' that distinguishes civil and criminal contempt." Small v. Commonwealth, 12 Va. App. 314, 317, 398 S.E.2d 98, 100 (1990) (citation omitted).

Whether to grant a motion for contempt is a matter left to the discretion of the trial judge which will not be reversed on appeal in the absence of an abuse of that discretion. See Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991).

Wife filed the petition for show cause as a result of husband's willful failure to timely pay her spousal support as ordered in the final divorce decree. As the trial judge found, wife sought to use the powers of the court to enforce husband's compliance with the divorce decree, not to punish him for past transgressions. Therefore, the contempt proceeding was civil in nature and not criminal. Under these circumstances, the trial judge did not abuse his discretion in granting the motion for contempt.

Husband next argues that the trial judge's ruling that he was in contempt violated the double jeopardy clause because the J&DR court dismissed wife's show cause motion and husband could not be prosecuted for the same offense again.

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." Oregon v. Kennedy, 456 U.S. 667, 671-72 (1982). However, this case did not involve a criminal prosecution for an offense. Rather, the case was a civil matter in which wife sought timely payments from husband of her monthly spousal support award. Moreover, after the J&DR court ruled, both parties appealed issues to the trial court pursuant to Code § 16.1-296. The trial court then heard the issues de novo. See Code § 16.1-136. "'[A]n appeal to the circuit court from a court not of record . . . annuls the judgment of the inferior tribunal as completely as if there had been no previous trial.'" Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986) (citation omitted). For these reasons, husband's double jeopardy argument is without merit.

Husband argues the trial judge abused his discretion in awarding wife attorney's fees and in determining the amount of fees awarded.

"'[I]t is within the discretion of the trial court to include, as an element of damages assessed against the defendant found guilty of civil contempt, the attorneys' fees incurred in

the investigation and prosecution of the contempt proceedings.'" Arvin, Inc. v. Sony Corp. of America, 215 Va. 704, 706, 213 S.E.2d 753, 755 (1975) (citation omitted).

The parties' settlement agreement, which contained the spousal support award and was incorporated into the final divorce decree, provided that: "In the event that either party breaches this Agreement in any respect, the other party shall recover his or her costs and expenses, including reasonable attorney's fees, incurred in enforcing performance of the terms of this Agreement."

The evidence showed that husband willfully and flagrantly violated the parties' agreement and final divorce decree, causing unwarranted litigation. Under these circumstances, the trial judge was justified in awarding counsel fees to wife in order to indemnify her for the expenses she incurred in enforcing husband's performance pursuant to the agreement and final decree. Furthermore, the trial judge gave husband the opportunity to dispute the amount of attorney's fees, and the record indicates the trial judge did not abuse his discretion in determining that the amount of the requested attorney's fees was reasonable.

Finally, wife requests costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the

> appeal is frivolous or whether other reasons
> exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred in this appeal.

For these reasons, the decision of the trial judge is affirmed.

Affirmed and remanded.