## 𝔖taunton

ARCHIE LEE MIRACLE v. C. C. PEYTON, SUPERINTENDENT OF THE
VIRGINIA STATE PENITENTIARY.

September 4, 1970.

Record No. 7064.

Present, All the Justices.

*James L. Berry* (*Kuykendall and Whiting*, on brief), for plaintiff in error.

*Edward J. White, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for defendant in error.

SNEAD, C. J., delivered the opinion of the court.

Archie Lee Miracle, petitioner, appeals from a judgment entered on December 15, 1967, denying and dismissing his petition for a writ of habeas corpus.

On November 15, 1965 petitioner was indicted by the grand jury of the Circuit Court of Frederick County for the robbery and attempted murder of Frank J. Damron. On the same day the trial court appointed James T. Tate, Jr. as counsel for Miracle[1] and he was arraigned and pleaded not guilty to both charges. The trial was set for January 27, 1966. Prior thereto a motion was made by petitioner's counsel for a continuance and the commitment of petitioner for psychiatric evaluation. This motion was granted.

On April 8, 1966 petitioner, after having been found competent to stand trial, appeared before the court with his attorney and withdrew his pleas of not guilty. He was then rearraigned and pleaded guilty to both charges. On May 16, 1966, after hearing the testimony of trooper D. A. Sheetz and considering a pre-sentence report and argument of counsel, the court found petitioner guilty on his pleas of guilty and sentenced him to confinement in the State penitentiary for a term of twenty years on each charge, such sentences to run concurrently.

On March 6, 1967, Miracle filed a petition for a writ of habeas corpus in the Circuit Court of the County of Powhatan. That court issued a writ returnable to the Circuit Court of Frederick County. The latter court, after a plenary hearing, found that "petitioner was adequately and effectively represented by counsel during and prior to the course of his trials" and dismissed the petition for a writ. We granted petitioner a writ of error to that judgment.

▮ In his assignments of error, petitioner first claims that he was denied effective assistance of counsel. He bases this contention on the failure of his court-appointed counsel to object to certain hearsay evidence given by the police officer at the trial on May 16, 1966, at which time he was sentenced. Also, he asserts that his pleas of guilty were "urged" by his attorney, and that his attorney failed to petition the court for a rehearing after the Commonwealth nol-prossed the charges against an alleged accomplice, Delph. Secondly, petitioner says that the evidence adduced was "so insufficient as to constitute a denial of due process". Finally, he contends that he was denied his right of appeal.

---

(1) Tate previously was appointed by the County Court to represent Miracle at the preliminary hearing.

However, the basic question in this appeal is the validity of petitioner's pleas of guilty. We believe petitioner's pleas and the actions of the trial judge comply with the requirements of *Boykin* v. *Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.ed.2d 274 (1969). In *Boykin* the Supreme Court held that it was error for the trial judge to accept a guilty plea without an affirmative showing on the record that the plea was voluntarily and intelligently entered.

In the case at bar the transcript of proceedings in the criminal trials was made a part of the record in the habeas corpus proceeding. The record shows that before the trial judge accepted petitioner's guilty pleas at the hearing on April 8, 1966, he discussed with petitioner and his attorney the proposed pleas of guilty. The trial judge asked petitioner if he had conferred with his attorney about the advisability of withdrawing his not guilty pleas, and if he had decided of his own free will the course of action in withdrawing his pleas of not guilty. The petitioner replied in the affirmative.

The trial judge also questioned Tate, petitioner's counsel, in the presence of the accused about the proposed plea change. Petitioner's counsel informed the court that he had had six long conferences with petitioner at the jail, and the last conference was the day before (April 7, 1966). He also told the court that petitioner was fully aware of the possible results of the pleas of guilty, and that petitioner understood the maximum punishment for the offenses charged. The court was further advised by Tate, "[W]e have negotiated with the Commonwealth's Attorney as to a recommended sentence in these cases, and that has affected our present course."

At the habeas corpus hearing Miracle testified that he changed his pleas of not guilty to guilty because he was "urged" to do so by his attorney. He said that he "understood the nature of the plea" and that Tate told him if he did not plead guilty he "would receive [a] severe amount of time in the state penitentiary".

Tate testified that Miracle was never "urged by me or coerced" to change his pleas to guilty. Tate stated that the victim "positively identified" Miracle at the preliminary hearing and he considered it his responsibility to advise Miracle that if the facts were presented before a jury "his sentence would be extensive". He further testified that both he and Miracle knew the Commonwealth might have difficulty in having the victim present at the trial, and that after a number of conferences with the Commonwealth's Attorney he secured from him a recommendation of twenty years. Tate said he "presented

this [recommendation] to Mr. Miracle, and he [Miracle] made the decision", and that "we were both very glad" to receive such a recommendation. The record affirmatively shows that Miracle's pleas of guilty were voluntarily and intelligently made.

A plea of guilty that is voluntarily and intelligently made by an accused is a conviction and nothing is left but the imposition of the prescribed punishment. In the recent case of *Peyton* v. *King*, 210 Va. 194, 169 S.E.2d 569 (1969), we said:

"[A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. * * *." 210 Va. at 196-97, 169 S.E.2d at 571.

The record does not support Miracle's contention that he was denied effective assistance of counsel. The failure of his court-appointed attorney to object to hearsay testimony at the trial on May 16, 1966 when he was sentenced is not a valid ground, because by entering voluntary and intelligent pleas of guilty Miracle waived objection to the admissibility of hearsay evidence.

The fact that his attorney failed to petition the court for a rehearing on his sentences after the Commonwealth nol-prossed similar charges against Delph, Miracle's companion, is not a sufficient ground to hold that Miracle was not afforded effective representation. Delph had entered pleas of not guilty. Tate told the court the Commonwealth's Attorney had informed him that if there was an "extreme disparity" between the sentences imposed on Miracle by the court and those imposed on Delph by the jury he would have no objection to having Miracle brought back before the court for a reconsideration of his sentences. The Commonwealth's Attorney then replied, "Only if the jury's is less than this Court's." What concerned the court, Tate, and the Commonwealth's Attorney was that Delph, if convicted, could get lesser sentences than Miracle received on his pleas of guilty. If the jury's collective judgment was that the offenses charged in the indictments warranted less punishment, then the court might consider rehearing Miracle's sentences. However, this eventuality did not occur. Delph was not tried because the victim could not be located. The fact that Delph's case was nol-

prossed did not place a further duty on Tate to seek reconsideration of Miracle's sentences.

There is no merit to petitioner's contentions that the evidence adduced was "so insufficient as to constitute a denial of due process", and that he was "denied his right of appeal". As has been said a plea of guilty voluntarily and intelligently made by an accused is a conviction. By pleading guilty Miracle waived all defenses other than those jurisdictional. We find no jurisdictional defect in the criminal trial proceedings. That being the case, the pleas of guilty voluntarily and intelligently entered by petitioner foreclosed any right of appeal. *Peyton* v. *King*, *supra*, 210 Va. at 196-97, 169 S.E.2d at 571.

The judgment appealed from is

*Affirmed.*