# Bobby Lee Ramdass

## v.

# Commonwealth of Virginia

Record No. 930693

November 4, 1994

Present: All the Justices

*Michael S. Arif (Leonard R. Piotrowski; Sharon B. Soloway; Martin, Arif & Soloway*, on brief), for appellant.
*Katherine P. Baldwin, Assistant Attorney General (James S. Gilmore, III, Attorney General*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

Bobby Lee Ramdass pleaded guilty to the robbery of Mohammad Z. Kayani immediately preceding his trial for the capital murder of Kayani. The capital murder charge was predicated on Ramdass's alleged murder of Kayani in the commission of robbery while armed with a deadly weapon, Code § 18.2-31(4), and the use of a firearm in the commission of Kayani's murder, Code § 18.2-53.1. The trial court deferred action on Ramdass's guilty plea.

In a bifurcated jury trial conducted under the provisions of Code §§ 19.2-264.3 and -264.4, Ramdass was convicted of Kayani's capital murder. In the second phase of the trial, the jury fixed Ramdass's punishment at death, based upon the "future dangerousness" predicate of Code § 19.2-264.2.

Following consideration of a probation officer's report, the court imposed the death sentence fixed by the jury. The court also imposed a life sentence based upon its finding of Ramdass's guilt for Kayani's robbery and imposed the four-year sentence fixed by the jury for the firearms violation. We affirmed those judgments and the sentence to death. *Ramdass v. Commonwealth*, 246 Va. 413, 437 S.E.2d 566 (1993).

In a summary disposition, the Supreme Court granted Ramdass's petition for a writ of certiorari on June 20, 1994, vacated the judgment, and remanded the case to this Court "for further consideration in light of *Simmons v. South Carolina*, 512 U.S. ____, 114 S.Ct. 2187 (1994)." *Ramdass v. Virginia*, ____ U.S. ____, 114 S.Ct. 2701 (1994). Accordingly, by order entered July 29, 1994, we placed this case on our September 1994 docket with directions for appropriate briefing and argument.

■ We rejected Ramdass's contention in his earlier appeal that the trial court erred in not answering the jury's question, "If the

defendant is given life, is there possibility of parole at some time before his natural death?" *Ramdass*, 246 Va. at 425, 437 S.E.2d at 573. We did so because of our established rule that "a jury should not hear evidence of parole eligibility or ineligibility because it is not a relevant consideration in fixing the appropriate sentence." *Id.* at 426, 437 S.E.2d at 573.

■ In *Simmons*, the Supreme Court held that when "future dangerousness" is an issue in the sentencing phase of a capital murder case, the jury is entitled to information concerning the defendant's parole *ineligibility*. *Simmons*, 512 U.S. at ___, 114 S.Ct at 2198. Hence, *Simmons* applies only if Ramdass was ineligible for parole when the jury was considering his sentence.

Code § 53.1-151(B1) establishes a person's ineligibility for parole as follows:

> Any person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole.

■ At the time that the jury was considering Ramdass's penalty on January 30, 1993, Ramdass was not ineligible for parole since he had only two "separate felony offenses" within the meaning of Code § 53.1-151(B1). They were:

(1) Ramdass's January 22, 1993, convictions and sentences for the armed robbery of two persons on August 25, 1992, at a Pizza Hut in Fairfax County. Since both convictions arose from the same transaction, they are considered as one felony offense under the express provisions of Code § 53.1-151(B1).

(2) Ramdass's convictions for Kayani's capital murder and robbery arising from the same transaction and, thus, considered as one felony offense under Code § 53.1-151(B1).

■ We do not agree with Ramdass's contention that his January 7, 1993, conviction by a jury of an armed robbery in Alexandria also made him ineligible for parole under the statute. Judgment had not been entered on that verdict; therefore, it cannot be considered as a conviction under Code § 53.1-151(B1). *See Smith v. Commonwealth*, 134 Va. 589, 592-93, 113 S.E. 707, 709 (1922)

(jury's verdict of conviction upon which no judgment had been entered not conviction within meaning of statute disqualifying person from holding public office). Since Ramdass was not ineligible for parole when the jury was considering his sentence, the *Simmons* decision does not affect his death sentence. Therefore, we will reaffirm the trial court's judgment, and reinstate the defendant's conviction and sentence to death.

*Affirmed.*