MOON, Chief Judge.
David M. Tench appeals his conviction for driving while intoxicated in violation of Code § 18.2-266. Tench claims that because his driver’s license had been suspended pursuant to Code § 46.2-391.2 prior to his conviction and punishment for driving while intoxicated, he was twice placed in jeopardy for the same offense in violation of the United States Constitution. We disagree, and affirm his conviction.
On January 13, 1995, Tench was arrested for driving while intoxicated. He submitted to a breath test, with a result of .12% grams of alcohol per 210 liters of breath. A magistrate issued a warrant for a violation of Code § 18.2-266. After issuance of the warrant, Tench’s license was automatically suspended for seven days pursuant to Code § 46.2-391.2. Tench did not appeal that suspension, and his license was returned to him after the seven-day period had expired. Tench was then convicted in Henrico General District Court of *203 driving while intoxicated, and on appeal to Henrico Circuit Court was convicted after a bench trial. He was sentenced to serve ninety days in jail, all of which was suspended for three years, and was ordered to pay a fine of $150. The circuit court rejected his double jeopardy claim.
Code § 46.2-391.2, which became effective on January 1, 1995, requires automatic suspension of the driver’s license of any person arrested for driving while intoxicated if the driver fails a breath test administered pursuant to Code § 18.2-268.2, and the automatic suspension of the driver’s license of any person who refuses to take a breath test as required by Code § 18.2-268.3. Under Code § 46.2-391.2, when the driver either fails the breath test or refuses to take it, he or she is taken before a magistrate and a warrant is issued for the driver’s arrest. Upon issuance of the warrant, the magistrate automatically suspends the accused’s driving privilege pursuant to Code § 46.2-391.2. The accused may appeal the suspension to the general district court, which must hear the appeal on the expedited docket for appeals of orders relating to bail. The only ground for the general district court to revoke the suspension is a showing by the accused that the officer did not have probable cause for the arrest or that the magistrate did not have probable cause to issue the warrant. If the accused is acquitted of the charge under Code §§ 18.2-266 or 18.2-268.3, the suspension is automatically rescinded. See Code § 46.2-391.4. Otherwise, the general district court automatically returns the license to the accused at the end of the seven-day period.
The double jeopardy clause provides three separate protections: protection against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). Tench asserts that the proceeding that revoked his license for seven days was a punishment for the charged offense of driving while intoxicat *204 ed, and to thereafter subject him to criminal penalties for driving while intoxicated violates the protection against multiple punishments for the same offense.
In this case, the double jeopardy claim arises not from two successive criminal prosecutions, but from a civil license suspension followed by a criminal prosecution. Such a procedure constitutes double jeopardy only if the license suspension constitutes punishment, and if the license suspension and the criminal sanctions occurred in separate proceedings. Department of Revenue of Montana v. Kurth Ranch, — U.S.-, -, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767 (1994); United States v. Halper, 490 U.S. 435, 446, 109 S.Ct. 1892, 1900-01, 104 L.Ed.2d 487 (1989).[1] Because we hold that the license suspension does not constitute punishment, we do not reach the issue of whether the suspension and the criminal penalties were imposed in separate proceedings.
In United States v. Halper, the Supreme Court for the first time considered “whether and under what circumstances a civil penalty may constitute punishment for purposes of the Double Jeopardy Clause.” Id. at 446, 109 S.Ct. at 1901. In deciding this question, the labels “civil” and “criminal” are not controlling; instead, the court must evaluate the goals the sanctions are designed to serve. Id. at 447, 109 S.Ct. at 1901. The Halper Court held that “under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.” Id. at 448-49, 109 S.Ct. at 1902.
*205 The Supreme Court in Halper recognized that a civil sanction may be “so divorced from any remedial goal that it constitutes ‘punishment’ ” for double jeopardy purposes. Id. at 443, 109 S.Ct. at 1899. However, that is not the case for the seven day license suspension under Code § 46.2-391.2. The Supreme Court of Virginia has recognized that the purpose of revoking a driver’s license is “not to punish the offender but to remove from the highways an operator who is a potential danger to other users.” Prichard v. Battle, 178 Va. 455, 463, 17 S.E.2d 393, 396 (1941).[2] See also Commonwealth v. Ellett, 174 Va. 403, 414, 4 S.E.2d 762, 767 (1939) (“The operation of a motor vehicle ... is a conditional privilege, which may be suspended or revoked under the police power.... [It] is not a contract or property right in a constitutional sense”). The General Assembly’s consideration of a procedure for automatic license suspension was motivated by its desire to reduce “alcohol-related crashes, fatalities, and injuries.” See S.J.Res. 172, 1989 Va.Acts.[3] Enactment of this procedure was no empty exercise, as states that have enacted such laws have experienced a reduction in alcohol-related crashes and fatalities. Id. We hold that automatic license suspension under Code § 46.2-391.2 is a remedial sanction because its purpose is to protect the public from intoxicated drivers and to reduce alcohol-related accidents. Therefore, *206 the sanction of license suspension does not constitute punishment for purposes of double jeopardy.[4]
Every state supreme court that has addressed the issue, and most intermediate appellate courts, have held that administrative license revocation does not constitute punishment for double jeopardy purposes. The Vermont Supreme Court in State v. Strong, 158 Vt. 56, 605 A.2d 510 (1992), stated that a “ ‘bright line’ has developed [on this issue] because the non-punitive purpose of the license suspension is so clear and compelling.” Id. at 514. We concur in that point of view.
Tench contends that under Halper and subsequent Supreme Court cases, a civil sanction that is not “solely remedial” constitutes punishment for double jeopardy purposes. This argument is misconceived. Under Halper, a civil sanction constitutes punishment if it is “only ... a deterrent or retribution.” Halper, 490 U.S. at 449, 109 S.Ct. at 1902 (emphasis added). While Halper contains discussion of a standard closer to that proposed by Tench, that standard is not part of the Court’s holding.
In arguing that Code § 46.2-391.2 must have a solely remedial purpose in order to avoid double jeopardy problems, *207 Tench relies on Austin v. United States, — U.S.-, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and United States v. $405,089.28 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), modified, 56 F.3d 41 (1995). In Austin, the Supreme Court held that the Eighth Amendment’s excessive fines clause applies to in rem forfeiture proceedings. The Supreme Court concluded that property forfeitures have historically been regarded as punitive, even though they may also serve a remedial purpose. Austin, — U.S. at---, 113 S.Ct. at 2811-12. Although the Court in Austin used some of the expansive language in Halper to assist in its analysis, Austin is not a double jeopardy case and does not purport to modify Halper. Therefore, Austin does not control the decision in this case.[5]
Indeed, in Department of Revenue of Montana v. Kurth Ranch, a case decided after Austin, the U.S. Supreme Court restated the narrow holding in Halper, and also stated that the obvious deterrent purpose of the penalty at issue in Kurth Ranch did not “automatically” mark it as punishment. — U.S. at---, 114 S.Ct. at 1945-46. Other courts considering the goals of administrative license suspensions have recognized that although there is an element of deterrence in any summary suspension procedure, that fact does not render the suspension punitive so long as its primary purpose is remedial. See, e.g., State v. Zerkel, 900 P.2d 744, 756-57 (Alaska.Ct.App.1995); State v. Strong, 605 A.2d at 513. Moreover, the fact that the offender perceives the suspension as punitive is irrelevant, because for the offender “even remedial sanctions carry the sting of punishment.” Halper, 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7. Therefore, even if automatic license suspension serves in part to deter intoxicated drivers, this does not render it punitive for purposes of double jeopardy.
*208 In summary, the automatic suspension of Tench’s operator’s license had a remedial purpose and thus did not constitute punishment under the standard established in Halper and reaffirmed in Kurth Ranch. Because that proceeding did not impose punishment within the meaning of the double jeopardy clause, Tench was not twice placed in jeopardy in violation of the United States Constitution when prosecuted for driving while intoxicated. Therefore, we affirm Tench’s conviction for driving while intoxicated.

Affirmed.

. To violate the double jeopardy clause, the punishments must be for the same offense. Department of Revenue of Montana v. Kurth Ranch, -U.S. at-, 114 S.Ct. at 1941. This issue is determined under the standards set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). For purposes of this appeal, we will assume that the license suspension and the subsequent criminal penalty were for the same offense.

. The Virginia Supreme Court has also held that revocation of other licenses, such as the license to practice law, is remedial rather than punitive. See, e.g., Norfolk & Portsmouth Bar Association v. Drewry, 161 Va. 833, 837, 172 S.E. 282, 284 (1934). The United States Supreme Court has stated that one sanction "which is characteristically free of the punitive criminal element is revocation of a privilege voluntarily granted,” such as disbarment and the revocation of various licenses. Helvering v. Mitchell, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938).

. In arguing that Code § 46.2-391.2 has a punitive purpose, Tench relies on several statements by interested parties that were submitted to the Department of Motor Vehicles during consideration of the administrative suspension procedure. Such statements carry little if any weight in our analysis of the purpose of Code § 46.2-391.2.

. The defendant contends that Code § 46.2-391.2 is not remedial because license suspension does not bear a rational relationship to compensating the government for a loss. This argument is derived from Halper, where the trial court had imposed a substantial monetary penalty for a series of fraudulent Medicare claims. The Halper Court established "a rule for the rare case ... where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused.” 490 U.S. at 449, 109 S.Ct. at 1902. If that sanction "bears no rational relation to the goal of compensating the Government for its loss”, i.e., the Government's actual damages and expenses, it would constitute punishment for double jeopardy purposes. Id.
This is not the "rare case” described in Halper. The sanction here is not monetary and is not designed to compensate the Government for out-of-pocket losses. See Small v. Commonwealth, 12 Va.App. 314, 398 S.E.2d 98 (1990). Its remedial purpose is not to compensate, but to protect the public from intoxicated drivers and the accidents they cause. Moreover, even if Halper establishes a "rational relation” test for all civil sanctions, license suspension does not constitute punishment, because it bears a rational relationship to its remedial goals.

. Tench relies on United States v. $405,089.23 U.S. Currency. In that case, which involved civil forfeiture of property belonging to convicted drug dealers, the Ninth Circuit ruled that Austin and Halper establish a “solely” remedial test for determining whether a civil sanction constitutes punishment for purposes of double jeopardy. This ruling, in our opinion, is neither correct nor binding, and we decline to follow it.