## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Renee M. Bennett

Case No. (Law) 141623

Commonwealth of Virginia

v.

Bradley W. Baker

Case No. (Law) 144069

January 11, 1996

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

These matters came before the Court on the Commonwealth's Information and Rule to Show Cause why the respective defendants should not be found to be habitual offenders based on certain convictions. In each case, the defendant acknowledges the alleged convictions and that they are sufficient to have the defendant declared to be an habitual offender. However, the defendants contest such a determination on the grounds that the habitual offender proceeding violates the double jeopardy clause and the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. For those reasons, the defendants move to dismiss the above actions.

For the reasons stated below, the defendants' motions to dismiss are denied.

Although it also serves a punitive purpose, the declaration of an individual as an habitual offender has primarily a remedial purpose. That

primary purpose is to provide for the safety and protection of the public, and to remove from the roads of the Commonwealth a driver likely to cause injury or damage before it occurs. That a civil sanction may have punitive as well as remedial aspects does not make it punishment for double jeopardy purposes. Under both *United States v. Halper*, 490 U.S. 435 (1989), and *Tench v. Commonwealth*, 21 Va. App. 200 (1995), a civil sanction is punishment for double jeopardy purposes only when its sole purpose is a deterrence or retribution, not when its concomitant purpose is remedial in nature. Because an habitual offender proceeding serves both purposes, the defense of double jeopardy must fail.

Further, an habitual offender proceeding under § 46.2-351 *et seq.* of the Code of Virginia does not violate the due process clause of the Fifth and Fourteenth Amendments. The operation of a motor vehicle on public highways is not a natural right, nor is a license to do so a "contract" or property right in a constitutional sense, but is rather a conditional privilege which may be revoked under the police power without even notice or opportunity to be heard. *Commonwealth v. Ellett*, 174 Va. 403, 414 (1939). Because an operator's license is a privilege and not a property right, its revocation does not raise due process concerns. That defense in these causes likewise fails.

In Law No. 141623, Renee M. Bennett is hereby declared to be an habitual offender. In Law No. 144069, Bradley W. Baker is hereby declared to be an habitual offender.