## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

   v.

Marco Fiero

April 24, 1996

Case No. M004128

By Judge Thomas S. Kenny

This matter is before the court on Defendant Fiero's Motion to Quash/Dismiss the indictment that has been returned against him. At issue is whether the Commonwealth can prosecute an individual in circuit court based on charges that were dismissed on the merits by a general district court.

After careful consideration of counsel's arguments, I grant Defendant Fiero's Motion to Quash/Dismiss for the reasons set forth below.

In this case, Fairfax police arrested Marco Fiero on April 28, 1995, for driving while intoxicated in violation of Va. Code § 18.2-266. A Breath Alcohol Analysis of Mr. Fiero revealed a blood alcohol concentration of 0.19 grams per 210 liters of breath. As a result: (1) Fiero's license to operate a motor vehicle was suspended for seven days pursuant to Va. Code § 46.2-391.2; and (2) a magistrate issued a warrant alleging a violation of § 18.2-66. On August 17, 1995, however, Judge O'Flaherty of the General District Court of Fairfax County granted Fiero's Motion to Dismiss the warrant on the basis that the proceeding then before the General District Court was barred by the doctrine of double jeopardy.

At the time of Judge O'Flaherty's decision, the Virginia judiciary was split on the double jeopardy question. On October 31, 1995, the Virginia Court of Appeals settled the matter by ruling that double jeopardy did not apply to this set of circumstances. *See Tench v. Commonwealth*, 21 Va. App. 200 (1995). Thereafter, in March, 1996, a circuit court grand jury

indicted Fiero based on the same § 18.2-266 violation. Defendant then filed and argued the motion now at issue.

Most often, a criminal defendant will seek protection from multiple prosecutions for the same offense by asserting the doctrine of double jeopardy. In this case, however, jeopardy did not attach because Judge O'Flaherty, sitting without a jury, had not begun to hear evidence. As a result, Mr. Fiero must look elsewhere for protection. Although not commonly used, the doctrine of res judicata, like collateral estoppel, is applicable in the criminal-prosecution-to-later-criminal-prosecution context. *United States v. Byars*, 762 F. Supp. 1235 (E.D. Va. 1991) (citing *Ashe v. Swenson*), 397 U.S. 436 (1970); *Sealfon v. United States*, 332 U.S. 575 (1948)); *see, United States v. Blackwell*, 900 F.2d 742, 745 (4th Cir. 1990) (barring prosecution for conspiracy in Middle District of North Carolina following dismissal of conspiracy charges by Western District of Kentucky). Unlike double jeopardy, the purpose of res judicata is to promote *reliability in* and *respect for* judicial decisions by avoiding inconsistent adjudication. Res judicata bars relitigation of a cause of action if: (1) both cases were brought by the same claimant against the same defendant(s); (2) the same cause of action is at issue in both cases; and (3) the first action ended in a valid final judgment on the merits. *Bates v. Devers*, 214 Va. 667, 670-71 (1974).

Res judicata is appropriate under the present factual scenario. First, the Commonwealth brought the case against Fiero in both the General District Court and the circuit court. Second, in both cases, Fiero is alleged to have violated Va. Code § 18.2-266 based on the same conduct. Third, the General District Court dismissed the warrant based on double jeopardy. The Commonwealth does not have a right of appeal with respect to that decision, and therefore, Judge O'Flaherty's decision was a final judgment on the merits. As stated by the Virginia Court of Appeals: "In the absence of fraud, accident or surprise, a judgment, when entered and no appeal taken, is conclusive, even though the judgment is manifestly wrong in law or fact." *Slagle v. Slagle*, 11 Va. App. 341, 346 (1990) (quoting *Carpenter v. Ingram*, 152 Va. 27, 36 (1929)). Here, a mistake of law was made and Defendant should not bear the brunt of that mistake in the form of a second prosecution for the same offense.

Thus, the indictment of Marco Fiero is barred by the doctrine of res judicata and should be quashed.