COURT OF APPEALS OF VIRGINIA


Present:  Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued at Salem, Virginia


GREGORY SCOTT NICELY

v.       Record No. 1332-95-3

COMMONWEALTH OF VIRGINIA                    OPINION BY
                                     JUDGE JOHANNA L. FITZPATRICK
ANTONIA SCOTT VIA                          OCTOBER 22, 1996

v.       Record No. 1334-95-3

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
                   Duncan M. Byrd, Jr., Judge

         Dabney L. Pasco (Jeanne M. Hepler; Pasco &
         Dascher, P.C., on briefs), for appellants.

         H. Elizabeth Shaffer, Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on briefs), for appellee.


     Gregory Scott Nicely and Antonia Scott Via (appellants) were

arrested for driving while intoxicated in violation of Code

§ 18.2-266, and their driver's licenses were suspended for seven

days pursuant to Code § 46.2-391.2.  The dispositive issue in

both cases is whether the trial court erred in finding that it

had no jurisdiction to consider an appeal of the seven-day

suspension of each appellant's driver's license under Code

§ 46.2-391.2.[1]  Finding no error, we affirm.

_____

     [1]The Commonwealth argues that these cases should be transferred
to the Supreme Court of Virginia for resolution because this Court
has limited jurisdiction over civil appeals.  However, in a case
similar to the instant case, the Virginia Supreme Court recently
held that "because a charge of unreasonably refusing to submit to
a blood or breath test is not criminal but administrative and

Both appellants were arrested for driving while intoxicated in violation of Code § 18.2-266, Nicely on May 17, 1995 and Via on June 2, 1995. Each appellant's driver's license was suspended for seven days pursuant to Code § 46.2-391.2. Both requested the general district court to review the license suspension and to issue a witness subpoena for the arresting officer. The general district court granted the Commonwealth's motion to quash the subpoena for the arresting officer and affirmed the suspension of each appellant's license. Appellants then appealed to the circuit court and moved to dismiss the underlying driving while intoxicated charges.

The circuit court found that it had no jurisdiction to consider either appellant's appeal or motion to dismiss. Appellants argued that the general district court's affirmance of the seven-day suspension of their drivers' licenses pursuant to Code § 46.2-391.2 constituted a final, appealable decision. The circuit court determined that no criminal appellate jurisdiction existed under Code § 16.1-132 because "none of the appeal

---

civil in nature, an appeal lies directly to [the Virginia Supreme Court]." Brame v. Commonwealth, Record No. 952340, slip op. at 3 (Va. September 13, 1996) (emphasis added). The rationale of Brame is that the underlying charge controls the appeal. In Brame, the underlying charge was civil. In the instant case, the underlying charge is criminal and falls under Code § 18.2-266. See Code § 17-116.05:1(A) ("Any aggrieved party may present a petition for appeal to the Court of Appeals from (i) any final conviction in a circuit court of a traffic infraction or a crime, except where a sentence of death has been imposed").

2

predicates for appeal [were] present."  Additionally, the circuit court found that no civil appellate jurisdiction existed under Code § 16.1-106 because the general district court's order was interlocutory in nature and thus not appealable.  The court dismissed both appeals without prejudice and remanded the cases to the general district court.

Code § 46.2-391.2(A) requires the automatic seven-day suspension of the driver's license of any person arrested for driving while intoxicated if the driver fails a breath test administered pursuant to Code § 18.2-268.2, or any person who refuses to take a breath test as required by Code § 18.2-268.3.  "[W]hen the driver either fails the breath test or refuses to take it, he or she is taken before a magistrate and a warrant is issued for the driver's arrest.  Upon issuance of the warrant, the magistrate automatically suspends the accused's driving privilege [for seven days] pursuant to Code § 46.2-391.2."  Tench v. Commonwealth, 21 Va. App. 200, 203, 462 S.E.2d 922, 923 (1995) (en banc).  "Any person whose license or privilege to operate a motor vehicle has been suspended . . . may, during the period of the suspension, request the general district court of the jurisdiction in which the arrest was made to review that suspension."  Code § 46.2-391.2(C) (emphasis added).

In Tench, we characterized the automatic seven-day suspension of a driver's license under Code § 46.2-391.2 as a "civil license suspension."  Id. at 204, 462 S.E.2d at 923.  In

3

determining whether the automatic license suspension violated the double jeopardy clause, we held that an "automatic license suspension under Code § 46.2-391.2 is a remedial sanction because its purpose is to protect the public from intoxicated drivers and to reduce alcohol-related accidents.  Therefore, the sanction of license suspension does not constitute punishment for purposes of double jeopardy."  Id. at 205-06, 462 S.E.2d at 924 (footnote omitted).

The Supreme Court recently put to rest any remaining question on the issues of double jeopardy, collateral estoppel, res judicata, and estoppel by judgment in the context of the administrative suspension of a driver's license pursuant to Code § 46.2-391.2.  See Brame v. Commonwealth, Record No. 952340 (Va. September 13, 1996) and Simmons v. Commonwealth, Record No. 951916 (Va. September 13, 1996).  In Brame, the Court held that "the remedial purpose of Virginia's seven-day administrative suspension provision is so clear and compelling that it overrides any incidental punitive effect the provision may have." Therefore, even where the Court assumed "without deciding that Brame's two sanctions resulted from the same incident and that the subsequent sanction was imposed in a separate proceeding . . . [defendant's] rights under the Double Jeopardy Clause were not violated by the subsequent judicial suspension of his license for one year."  Brame v. Commonwealth, Record No. 952340, slip op. 4, 13 (Va. September 13, 1996).  Additionally, the Supreme

4

Court of Virginia has recognized that the suspension or revocation of a license is not "an added punishment for the offense committed. It is civil and not criminal in nature." Prichard v. Battle, 178 Va. 455, 462, 17 S.E.2d 393, 395 (1941).

"'A primary rule of statutory construction is that courts must first look to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning.'" Tross v. Commonwealth, 21 Va. App. 362, 377-78, 464 S.E.2d 523, 530 (1995) (quoting Loudoun County Dep't of Social Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993)). Code § 46.2-391.2 provides that, during the period of suspension, the general district court may review the administrative suspension of a driver's license. However, Code § 46.2-391.2 does not provide a further right of review in the circuit court. To resolve whether a driver may appeal that suspension beyond the general district court, we must decide whether the administrative suspension of a driver's license pursuant to Code § 46.2-391.2 is a final adjudication subject to appeal in the circuit court.[2]

---

[2]Code § 46.2-391.2(C) provides, in relevant part, that "[t]he court's findings are without prejudice to the person contesting the suspension or to any other potential party as to any proceedings, civil or criminal, and shall not be evidence in any proceedings, civil or criminal." An administrative license suspension pursuant to Code § 46.2-391.2 may occur as part of a civil refusal case under Code § 18.2-268.3, or in a criminal driving while intoxicated case under Code § 18.2-266. If a driver has his license suspended for refusing to submit to a breath test in violation of Code § 18.2-268.3, the nature of the underlying proceeding is civil, and the Supreme Court of Virginia has jurisdiction over any appeal.

"A final order is one that disposes of the whole subject, gives all the relief contemplated, and leaves nothing to be done in the cause save to superintend ministerially compliance with the order." Alexander v. Commonwealth, 19 Va. App. 538, 540, 452 S.E.2d 370, 371 (1995). When a driver's license is suspended pursuant to Code § 46.2-391.2, the suspension is a temporary sanction "to protect the public from [an] intoxicated driver[] and to reduce alcohol-related accidents." Tench, 21 Va. App. at 205, 462 S.E.2d at 924. A driver whose license is suspended under Code § 46.2-391.2 must still face trial on the underlying criminal charges and any punishment upon conviction. The administrative suspension of a driver's license for failing a breath test or refusing to take one is not a final adjudication of criminal charges, but merely an administrative civil sanction designed to remove the driver from the highways of this state. It is subject only to the administrative review allowed by Code § 46.2-391.2 to the general district court. Thus, the circuit court in these cases properly found that it did not have jurisdiction to review the seven-day suspension of appellants' licenses.[3]

The Supreme Court's decision in Simmons v. Commonwealth controls the instant case. The Court declared that "by no

[3]Because we hold that the administrative suspension proceeding is part of the underlying criminal charge, any driver who has his or her license suspended under Code § 46.2-391.2 has no right to appeal that determination until after a final adjudication of the criminal charges.

stretch of the imagination can it be said that an administrative suspension of an operator's license for failure to take a blood or breath test is a <u>judgment</u> rendered by a court of competent jurisdiction.  What is involved is neither more nor less than the term administrative suspension implies, an administrative act, not a <u>judgment</u> by a court of competent jurisdiction."  <u>Simmons v. Commonwealth</u>, Record No. 951916, slip op. 4 (Va. September 13, 1996).  It necessarily follows that the general district court's affirmance of the administrative suspension is <u>not</u> a <u>judgment</u> of the general district court.

Additionally, Code §§ 16.1-106 and 16.1-132 set forth the relevant appellate jurisdiction of the circuit courts.  Code § 16.1-106 provides the civil appellate jurisdiction of the circuit courts as follows:

> From any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars, exclusive of interest, any attorney's fees contracted for in the instrument, and costs, or when the case involves the constitutionality or validity of a statute of the Commonwealth, or of an ordinance or bylaw of a municipal corporation, or of the enforcement of rights and privileges conferred by the Virginia Freedom of Information Act (§ 2.1-340 et seq.), there shall be an appeal of right, if taken within ten days after such order or judgment, to a court of record.  Such appeal shall be to a court of record having jurisdiction within the territory of the court from which the appeal is taken.

Under this provision, appellants do not have a right to appeal to the circuit court because an administrative license suspension

under Code § 46.2-391.2 does not involve a monetary controversy, or a statute's validity or constitutionality. Code § 16.1-132 defines the criminal appellate jurisdiction of the circuit courts as follows:

> Any person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court. There shall also be an appeal of right from any order or judgment of a district court forfeiting any recognizance or revoking any suspension of sentence.

Under this section, appellants also do not have the right to appeal their administrative license suspensions because: (1) at the time of their appeal, neither appellant had been "convicted" of a misdemeanor, and (2) neither case involved the forfeiture of recognizance or revocation of a suspended sentence. Thus, the circuit courts have no appellate jurisdiction over a general district court's review of an administrative license suspension pursuant to Code § 46.2-391.2.

Accordingly, because neither appellant had a right to appeal the administrative suspension of his or her driver's license to the circuit court, the cases are dismissed. The circuit court's orders are affirmed.

<u>Affirmed</u>.

8