Present:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Compton, S.J.

GARY E. JEWEL

v.  Record No. 992257    OPINION BY JUSTICE ELIZABETH B. LACY
                                    November 3, 2000
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Gary E. Jewel was convicted by a Warren County jury of
two counts of grand larceny by false pretenses and sentenced
to one year imprisonment on one count and two years
imprisonment on the other count.  Jewel appealed his
conviction to the Court of Appeals asserting, inter alia, that
the trial court erred in allowing the Commonwealth to impeach
him by using two prior felony convictions, when at the time of
trial the "convictions" consisted of two guilty pleas which
had been accepted by the judge but for which no order had been
entered stating a finding of guilt or imposing sentence.  The
Court of Appeals affirmed the convictions.  Jewel v.
Commonwealth, 30 Va. App. 416, 517 S.E.2d 264 (1999).  Jewel
raises the same issue in his appeal to this Court.

Code § 19.2-269 provides that "[a] person convicted of a
felony or perjury shall not be incompetent to testify, but the
fact of conviction may be shown in evidence to affect his
credit."  Jewel asserts that "there must be a final sentencing
order complying with all jurisdictional requirements . . .

before there is a conviction for any purpose."  Because no such orders were entered regarding his prior felonies at the time of his trial on the instant charges, Jewel argues that there were no convictions and the trial court erred in allowing the Commonwealth to use the prior felonies to impeach him.

We have not construed the term "conviction" as it is used in Code § 19.2-269.[*]  We have, however, construed the term in the context of other statutes and factual situations.  In Smith v. Commonwealth, 134 Va. 589, 113 S.E. 707 (1922), we concluded that "convicted" as used in former Code § 2705 relating to the removal of an elected or appointed official from office meant "convicted by judgment, and requires a judgment of conviction, in addition to the verdict of the jury" when the accused has pled not guilty.  134 Va. at 592, 113 S.E. at 708.

We came to a similar conclusion when considering the use of the term in Code § 53.1-151(B1) relating to ineligibility for parole.  In Ramdass v. Commonwealth, 248 Va. 518, 450 S.E.2d 360 (1994), we held that because judgment had not been

---

[*] Lincoln v. Commonwealth, 217 Va. 370, 228 S.E.2d 688 (1976), involved witnesses who were impeached by prior felonies to which they had pled guilty but had not been sentenced.  However, whether the use of such felonies for impeachment was proper was not an issue addressed or decided in that case.

entered on the jury verdict of guilty, the verdict alone "cannot be considered as a conviction under Code § 53.1-151(B1)." 248 Va. at 520, 450 S.E.2d at 361.

These cases are not dispositive, however, because they did not involve construction of the statute at issue here, Code § 19.2-269, and they did not involve a guilty plea entered by the defendant in the prior proceedings. We have described a guilty plea as "in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law." Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969). We also have said a plea is "a conviction and nothing is left but the imposition of the prescribed punishment." Miracle v. Peyton, 211 Va. 123, 126, 176 S.E.2d 339, 341 (1970).

The difference in the status of a guilty plea and a jury verdict of conviction is significant. In pleading guilty, the defendant admits to all elements of the crime charged and waives many rights, including the right to have the charged crime proved beyond a reasonable doubt. When pleading not guilty, those rights are not waived, and, even though the jury returns a verdict of guilty, that verdict remains subject to being set aside by the trial court for error committed during the trial or for insufficient evidence. Rule 3A:15(b). This additional avenue of potential relief afforded a defendant who

pleaded not guilty extends the time before the matter of guilt is finally resolved.  This is a significant distinction in determining whether the stage of the proceedings qualifies as a "conviction."

Finally, in this case we consider the word "conviction" in the context of the impeachment of a witness.  The use of a prior conviction in this context does not have the impact of establishing an element of a crime, Smith, or dictating a status for parole, Ramdass.  Its purpose is limited to presenting information on the credibility of a witness to a jury and it is the jury that decides the impact of such information.

For the reasons stated, we conclude that for the limited purposes of Code § 19.2-269, the word "conviction" includes a guilty plea accepted by the court.  Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.

4