539 S.E.2d 742

**Paul Trevor ASBY**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0176–00–1.**

Court of Appeals of Virginia,
Chesapeake.

Jan. 9, 2001.

J. Barry McCracken (Cook & McCracken, on briefs), Norfolk, for appellant.

Eugene Murphy, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: BENTON, ELDER and FRANK, JJ.

ELDER, Judge.

Via a motion to set aside the judgment, Paul Trevor Asby (appellant) challenges his 1996 convictions for murder, malicious wounding, and use of a firearm in the commission of both murder and malicious wounding. Appellant contends the circuit court lacked jurisdiction to convict him because he was a

juvenile at the time of the alleged offenses and the record failed to establish that his father received notice of institution of the juvenile proceedings which resulted in his transfer to circuit court for trial as an adult. We hold, pursuant to the Supreme Court's recent ruling in *Johnson v. Commonwealth,* 259 Va. 654, 529 S.E.2d 769 (2000), that appellant's conviction as an adult on January 29, 1996, for the unrelated offense of attempted grand larceny, committed while he was a juvenile, divested the juvenile and domestic relations district court (J & DR court) of jurisdiction over the subject offenses, which were then pending in the J & DR court. Thus, appellant no longer had a right to any proceedings in the J & DR court on those offenses, and the purported lack of notice to his father of the initiation of the juvenile proceedings did not invalidate the indictments for the subject offenses, which were subsequently issued in the circuit court. For these reasons, we affirm the circuit court's denial of appellant's motion to set aside the judgment without addressing the Commonwealth's other arguments.

## I.

## BACKGROUND

Appellant was born on September 18, 1977. On August 28, 1994, when appellant was sixteen years old, he committed the murder, malicious wounding and firearm offenses at issue here. On January 5, 1996, when appellant was eighteen years old, the Commonwealth obtained juvenile petitions charging him with these four offenses. At the time of appellant's February 27, 1996 transfer hearing for these offenses, appellant had outstanding charges for unrelated juvenile offenses— attempted grand larceny and possession of burglary tools. On November 18, 1995, these charges were "transfer[red] to circuit court for trial as an adult." The Commonwealth's attorney represented that, as of February 27, 1996, appellant had pleaded guilty at least to the attempted grand larceny charge and that he was then awaiting sentencing on that charge in the circuit court. The subsequently filed presen-

tence report indicated that appellant was convicted in circuit court for both the larceny and burglary tools offenses on January 29, 1996, and sentenced for these offenses on March 20, 1996.[1] Appellant's counsel posed no objections in the trial court to the Commonwealth's oral and written representations regarding these unrelated offenses.

After hearing the Commonwealth's evidence on the murder, malicious wounding and firearms charges allegedly committed on August 28, 1994, the J & DR court found probable cause and certified the four offenses for further proceedings in circuit court. Indictments were issued on April 3, 1996, and appellant was tried, convicted and sentenced for those offenses.

In late 1999, appellant filed the present motion to set aside judgment on the subject offenses based on lack of notice to his father pursuant to *Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), *aff'g*, 28 Va.App. 306, 504 S.E.2d 394 (1998). The circuit court denied appellant's motion, holding that *Baker* did not require the vacation of appellant's conviction because appellant was an adult when charged with the offenses at issue.

## II.

## ANALYSIS

### A.

### COMMONWEALTH'S MOTION TO TRANSFER TO SUPREME COURT

■ The Commonwealth contends this Court lacks jurisdiction to consider a motion to vacate a final judgment in a criminal case and, therefore, that we should transfer the appeal to the Virginia Supreme Court pursuant to Code

---

1. Appellant contends we may not consider the presentence report because it was not contained in the appendix. However, Rule 5A:25(h) permits us, in our discretion to "consider other parts of the record" not contained in the appendix.

§ 8.01–677.1. The cases upon which the Commonwealth relies are distinguishable, and we conclude that appellate jurisdiction properly lies in this Court.

*Virginia Department of Corrections v. Crowley,* 227 Va. 254, 316 S.E.2d 439 (1984), which was decided before the Court of Appeals came into being, addressed whether "the jurisdictional question [involved in the denial of related motions to vacate was] ripe for appellate review on the merits" and required resolution of the question whether the proceedings instituted by the motions to vacate were civil or "merely another stage in the course of a continuing criminal prosecution." *Id.* at 261–62, 316 S.E.2d at 443. *In that context,* the Court held the proceedings on the motions to vacate were civil in nature and, therefore, were properly before the Supreme Court. *See id.* at 262–63, 316 S.E.2d at 443–44.

We have since confronted more directly the issue of our jurisdiction over appeals which contain both civil and criminal components. *See Nicely v. Commonwealth,* 23 Va.App. 327, 477 S.E.2d 11 (1996) (involving administrative license suspension and related DUI charge). We concluded that the classification of "the underlying charge" as criminal governed our appellate jurisdiction, despite the fact that the dispositive issue on appeal was civil. *See id.* at 329 n. 1, 477 S.E.2d at 12 n. 1 (citing *Brame v. Commonwealth,* 252 Va. 122, 125, 476 S.E.2d 177, 179 (1996) (holding that appellate jurisdiction rested in Supreme Court because nature of underlying charge was civil)).

Applying these principles to appellant's case, we hold that appellate jurisdiction properly lies in this Court because, although a motion to vacate or set aside *a conviction* may be civil in nature, *the underlying charges* here were criminal.

## B.

### SCOPE OF APPELLANT'S ASSIGNMENT OF ERROR ON APPEAL

The Commonwealth contends appellant's assignment of error on appeal consists only of the contention that his father

did not receive notice of the *transfer hearing* and does not cover the lack of notice to his father of *initiation* of the juvenile proceedings as a whole. We disagree. Appellant's assignment of error refers specifically to Code §§ 16.1–263 and –264 and appellant's motion to vacate of November 29, 1999. The legal arguments in the motion relate directly to "the mandatory notice requirements of Code Sections 16.1–263 and 16.1–264 concerning the *initiation* of proceedings against a juvenile" via "service of summonses [on] the 'parents' of a juvenile," as addressed in *Baker*. Further, the trial court's ruling on the motion relates specifically to the impact of failure to serve appellant's father with the juvenile petition rather than notice of the transfer hearing. Therefore, the reasonable import of appellant's assignment of error sufficiently covers the issue of the initiation of the juvenile proceedings to allow us to address this issue on appeal.

## C.

### EFFECT OF PRIOR TRANSFER TO CIRCUIT COURT ON CONTINUING JURISDICTION OF JUVENILE COURT

■ The Commonwealth argues, under Code §§ 16.1–271 and 16.1–269.6(C), that appellant's prior conviction in the circuit court for other unrelated offenses precluded the juvenile court from exercising jurisdiction over the charges at issue here regardless of appellant's age at the time of institution of these proceedings. Because the juvenile court was precluded from exercising jurisdiction, it contends, any defects in the juvenile court proceedings did not invalidate appellant's circuit court convictions. We agree in regard to appellant's conviction for attempted grand larceny, entered upon his plea of guilty.

As the Supreme Court held recently in *Johnson v. Commonwealth*, 259 Va. 654, 529 S.E.2d 769 (2000),

> [u]nder the plain language of [paragraph 2 of] Code § 16.1–271, a juvenile who has been convicted as an adult in circuit court [under the provisions of this article] is not entitled to a

transfer hearing in juvenile court [for any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction]. Since Johnson had no right to a transfer hearing, the notice requirements pertaining to such a hearing are inapplicable and do not provide a basis for challenging either set of indictments returned in this case.

*Id.* at 669, 529 S.E.2d at 777.

 Similarly in appellant's case, his January 29, 1996 conviction for the unrelated offense of attempted grand larceny divested the juvenile court of jurisdiction over any pending allegations of delinquency not disposed of by the juvenile court at the time of the criminal conviction, which included the subject murder, malicious wounding and related firearms charges. Although appellant had not yet been sentenced on the attempted grand larceny offense at the time of his February 27, 1996 transfer hearing, the Commonwealth represented without objection that the grand larceny conviction was based on a guilty plea, which rendered it final for purposes of *Johnson* and Code § 16.1–271. "A plea of guilty that is voluntarily and intelligently made by an accused is a conviction . . . ." *Miracle v. Peyton,* 211 Va. 123, 126, 176 S.E.2d 339, 341 (1970); *cf. Jewel v. Commonwealth,* 30 Va.App. 416, 422–23, 517 S.E.2d 264, 267–68 (1999) (noting that guilty plea accepted by court is "a self-supplied conviction" which may be used for impeachment prior to sentencing whereas jury verdict is not final for impeachment purposes until accused is sentenced because judge could set aside jury's verdict (citation omitted)).

Relevant policy considerations support this result. Appellant had already had a transfer hearing in the J & DR court on the attempted grand larceny offense, at which he was found " 'not a proper person to remain within the jurisdiction of the juvenile court.' " *Burfoot v. Commonwealth,* 23 Va.App. 38, 46–48 & n. 4, 473 S.E.2d 724, 728–29 & n. 4 (1996) (quoting Code § 16.1–269.1(A)). Pursuant to that determination, the J & DR court transferred appellant for trial as an adult in the

circuit court, where he entered a guilty plea and was convicted. Thus, the policies behind the juvenile transfer statute were no longer applicable, appellant no longer had a right to a transfer hearing on the murder, malicious wounding and related firearms charges, and any defects in the initiation of juvenile proceedings on those charges did not provide a basis for challenging the circuit court indictments.

For these reasons, we hold the J & DR court lost jurisdiction over appellant before transferring the charges against him to circuit court for trial as an adult. Because any defects in the juvenile court proceedings were obviated by this divestiture of jurisdiction, we hold the circuit court did not err in denying appellant's motion to set aside the judgment of conviction, and we affirm its ruling without addressing the Commonwealth's other arguments.

*Affirmed.*

BENTON, Judge, concurring and dissenting.

I concur in Part I and Part II(B) of the majority opinion. For the reasons stated below, I also concur in Part II(A). I dissent from Part II(C).

## I.

Paul Trevor Asby challenges the Commonwealth's violation of his statutory right to have both parents notified at the time of his trial of criminal charges filed against him as provided by Code § 16 .1–263 and *Baker v. Commonwealth*, 28 Va.App. 306, 504 S.E.2d 394 (1998), *aff'd*, 258 Va. 1, 516 S.E.2d 219 (1999). Citing *Virginia Department of Corrections v. Crowley*, 227 Va. 254, 263, 316 S.E.2d 439, 443–44 (1984), the Commonwealth contends we lack jurisdiction over this case because a motion to vacate a final judgment in a criminal case is civil in nature and an appeal from denial of such motion lies to the Supreme Court. For reasons different than those stated in the majority opinion, I too reject the Commonwealth's argument.

The factual circumstances that gave rise to the decision in *Crowley* indicate that the trial judge convicted three defendants of felonies but failed to rule within twenty-one days on their motions to modify or suspend their sentences as required by Rule 1:1. *See* 227 Va. at 258, 316 S.E.2d at 441. After the defendants entered the prison system, the trial judge acted on the motions and entered orders releasing the three defendants from custody, in violation of former Code § 53–272. *See* 227 Va. at 258–59, 316 S.E.2d at 441. *See also In re Commonwealth, Dept. of Corrections*, 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981). The Commonwealth's Attorney who prosecuted the defendants "endorsed each release order 'Seen and Agreed to.'" *Crowley*, 227 Va. at 258, 316 S.E.2d at 441. After entry of those orders, the Department of Corrections and the Commonwealth of Virginia "filed motions in the trial court to vacate the orders releasing [the convicted defendants] from custody." *Id.* at 260, 316 S.E.2d at 442. Representing those parties, "[t]he Attorney General ... [alleged the orders] were void for want of jurisdiction." *Id.* at 261, 316 S.E.2d at 443. When the trial judge "entered orders ... dismissing the motions to vacate," *id.* at 260, 316 S.E.2d at 442, the Department and the Commonwealth appealed those orders to the Supreme Court. *Id.* at 258, 316 S.E.2d at 441.

In the Supreme Court, the released defendants argued that the Attorney General lacked authority to conduct this criminal prosecution under Code § 2.1–124 and to appeal from judgments entered in criminal proceedings. *See* 227 Va. at 262, 316 S.E.2d at 443. The Court initially noted that lack of subject matter or personal jurisdiction may be challenged by motion "even when the motion is made in a different case pending before a different court." *Id.* at 261–62, 316 S.E.2d at 443. The *Crowley* opinion does not indicate, however, whether the proceedings in which the Commonwealth's motions were filed were the original criminal prosecutions or new proceedings brought for the sole purpose of challenging the release orders. Significantly, the Department, which is not nominally a party to a criminal prosecution, initiated the *Crowley* pro-

ceeding in the trial court together with the Commonwealth. In either event, the Supreme Court ruled as follows:

> [T]he constitutional constraint [Article VI, § 1 of Virginia Constitution does not] prohibit an appeal by the Commonwealth from a *habeas corpus* judgment, for "*habeas corpus* is a civil and not a criminal proceeding" and "in no sense a continuation of the criminal prosecution."
>
> A petition for *habeas corpus* and an appeal from a judgment granting the writ both test the legality of the incarceration rather than the guilt or innocence of the prisoner. The same is true of the motions to vacate filed in these cases and the appeals from the judgments dismissing those motions. We are of opinion that the proceedings conducted on the motions to vacate were civil in nature, and we hold that Code § 2.1–124 and the constitutional provisions upon which the appellees rely are inapplicable, and that these appeals are properly before this Court.

*Crowley*, 227 Va. at 262–63, 316 S.E.2d at 443–44 (citations omitted).

As in *Crowley*, the post-conviction motion filed in this case challenges the power of the trial court to enter an order. Also, as in *Crowley*, the party challenging the court's power to enter the order was a party to the original criminal prosecution. In *Crowley*, it was the Commonwealth. In this case, it was Asby, the convicted defendant. The similarities between the cases end there.

Significantly, and unlike *Crowley*, the motion in this case sought to set aside the final judgment of conviction. In *Crowley*, the motion challenged orders entered *after* the judgment of conviction had become final. Thus, the focus of the challenge in *Crowley* was upon an order that was collateral to the final judgment of conviction and did not contest the validity of the final judgment of conviction. As the Supreme Court noted, analogizing the *Crowley* proceeding to a *habeas corpus* proceeding, a challenge to such a collateral order is " 'in no sense a continuation of the criminal prosecution.' " 227 Va. at 262, 316 S.E.2d at 443 (citation omitted). In this

case, however, by moving to set aside the final judgment of conviction, Asby was seeking a continuation of the criminal prosecution with the aim of voiding the final judgment of conviction.

Our jurisdiction is generally specified in Code §§ 17.1–404, 17.1–405, and 17.1–406. We have appellate jurisdiction if the case arises "from . . . any final conviction in a circuit court of . . . a crime." Code § 17.1–406(A). The criminal proceeding in this case had terminated in a final order of conviction. That order was entered November 13, 1996. More than twenty-one days had lapsed when, on November 29, 1999, Asby filed in the circuit court his motion to set aside the judgment of conviction. As the Supreme Court noted in *Crowley*, this motion is not constrained to be raised only in the court or proceeding from which the challenged judgment emanated.

> Want of subject-matter jurisdiction may be raised by motion. Proceeding by motion is also a proper way to challenge jurisdiction over the person, even when the motion is made in a different case pending before a different court, and "[i]t is immaterial that the order was not attacked by direct appeal or by a bill in equity."

*Crowley*, 227 Va. at 261–62, 316 S.E.2d at 443 (citations omitted).

A judgment entered by a court when it lacks subject matter jurisdiction is void, and that judgment is subject to a challenge at any time. *Morrison v. Bestler*, 239 Va. 166, 170, 387 S.E.2d 753, 755–56 (1990). In addition, a party may challenge a judgment on the basis of a court's failure to abide by mandatory statutory requirements. In this regard, the Supreme Court has held that "[a] court's authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court's lawful exercise of that jurisdiction." *Dennis Moore v. Commonwealth*, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000). Such a failure renders the court without jurisdiction to act and ren-

ders the judgment void. *See David Moore v. Commonwealth,* 259 Va. 431, 438–39, 527 S.E.2d 406, 410 (2000).

Simply put, Asby's motion in the circuit court and his present appeal directly challenge the circuit court's power to have rendered its judgment of conviction in 1996. Because this appeal raises an issue of the validity of the final judgment of conviction in a criminal proceeding over which we have appellate jurisdiction, the appeal is properly before us.

## II.

The Commonwealth did not contend in the trial court that Asby had been previously convicted as an adult and, therefore, was no longer entitled to a transfer hearing. Thus, the trial judge did not make any findings on this issue and did not rule that the juvenile court's jurisdiction over Asby had terminated. Furthermore, the record fails to establish compliance with the requisite statutes.

Neither the Supreme Court nor this Court has construed the term "conviction" as it is used in Code § 16.1–271. The Supreme Court has ruled that under some statutes the term "conviction" requires more than a verdict finding guilt and requires the additional entry of a judgment order of conviction. *See Ramdass v. Commonwealth,* 248 Va. 518, 520, 450 S.E.2d 360, 361 (1994) (holding that a "[j]udgment had not been entered on [the jury's] verdict [of guilt]; therefore, it cannot be considered as a conviction under Code § 53.1–151(B1)"); *Smith v. Commonwealth,* 134 Va. 589, 592, 113 S.E. 707, 708 (1922) (holding that the word "convicted" as used in former Code § 2705, which pertained to removal of elected and appointed officials from office, meant "convicted by judgment, and require[d] a judgment of conviction, in addition to the verdict of the jury").

Recently, in *Jewel v. Commonwealth,* —— Va. ——, 536 S.E.2d 905 (2000), the Supreme Court considered the meaning of the term "convicted" for purposes of Code § 19.2–269, pertaining to impeachment of witnesses. The Court held as follows:

[I]n this case we consider the word "conviction" in the context of the impeachment of a witness. The use of a prior conviction in this context does not have the impact of establishing an element of a crime, *Smith,* or dictating a status for parole, *Ramdass.* Its purpose is limited to presenting information on the credibility of a witness to a jury and it is the jury that decides the impact of such information.

For the reasons stated, we conclude that for the limited purposes of Code § 19.2–269, the word "conviction" includes a guilty plea accepted by the court.

—— Va. at ——, 536 S.E.2d at 906.

These cases instruct that the factual circumstances and context in which the statute at issue uses the term "conviction" are important in determining the construction to be placed on the term "conviction." Applicable to this case, Code § 16.1–271 provides as follows:

The trial or treatment of a juvenile as an adult pursuant to the provisions of this chapter shall preclude the juvenile court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile.

Any juvenile who is tried and convicted in a circuit court as an adult under the provisions of this article shall be considered and treated as an adult in any criminal proceeding resulting from any alleged future criminal acts and any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction.

All procedures and dispositions applicable to adults charged with such a criminal offense shall apply in such cases, including, but not limited to, arrest; probable cause determination by a magistrate or grand jury; the use of a warrant, summons, or capias instead of a petition to initiate the case; adult bail; preliminary hearing and right to counsel provisions; trial in a court having jurisdiction over adults; and trial and sentencing as an adult. The provi-

sions of this article regarding a transfer hearing shall not be applicable to such juveniles.

In addition, the legislature has enacted the following mechanism to implement Code § 16.1–271:

[U]pon conviction of the juvenile following transfer or certification and trial as an adult, the circuit court shall issue an order terminating the juvenile court's jurisdiction over that juvenile with respect to any future criminal acts alleged to have been committed by such juvenile and with respect to any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction. Upon receipt of the order terminating the juvenile court's jurisdiction over the juvenile, the clerk of the juvenile court shall forward any pending petitions of delinquency for proceedings in the appropriate general district court.

Code § 16.1–269.6.

As in *Ramdass*, the use of the prior conviction in the context of this case had the effect of dictating the status of the juvenile for purposes of imposing a significant detriment under the law. These statutes have mandatory requirements that must be complied with to give effect to the deprivations that are imposed on juveniles by a change of status. The language of these statutes, including Code § 16.1–269.6, makes it mandatory for all of these steps to have occurred before criminal jurisdiction is irrevocably transferred to the circuit court for all future criminal acts and pending acts of delinquency. The record contains no indication of compliance with Code § 16.1–269.6. Accordingly, I would hold that Asby retained the right to a transfer hearing.

### III.

Because the record clearly establishes that the juvenile court failed to give Asby's father notice of the initiation of juvenile court proceedings, I would hold that the conviction order is void. *See Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam).

For these reasons, I would reverse the trial judge's order and remand this case for a new trial if the Commonwealth be so advised.