UNITED STATES of America

v.

James McCLOUD, Defendant.

No. 101CR00014.

United States District Court,
W.D. Virginia,
Abingdon Division.

Sept. 17, 2001.

Eric M. Hurt, Assistant United States Attorney, Abingdon, VA, for United States of America.

G. Walter Bressler, Bressler, Curcio & Stout, Bristol, VA, for defendant.

## OPINION AND ORDER

JONES, District Judge.

The question before me in sentencing this defendant is whether his prior guilty plea in a Virginia state court to a violent felony, following which the state judge deferred disposition of the charge on condition that the defendant adhere to supervised probation, constitutes a predicate conviction under the federal Armed Career Criminal Act. I hold that the guilty plea does count as a conviction and overrule the defendant's objection.

### I

The defendant, James McCloud, pleaded guilty in this court to count one of an indictment charging that between June 2000 and September 2000 he possessed certain firearms after having been previously convicted of a felony and a crime of domestic violence, in violation of 18 U.S.C.A. §§ 922(g)(1), (9) (West 2000). The case was referred to a probation officer for preparation of a presentence investigation report ("PSR"). In her report, the probation officer found that McCloud had three previous convictions for violent felonies, committed on occasions different from one another, and thus was subject to an enhanced sentence under the Armed

Career Criminal Act of 1984 ("ACCA"), 18 U.S.C.A. § 924(e) (West 2000).[1]

The defendant filed a timely objection to the PSR, contending that he was not subject to the ACCA. This objection was argued at a sentencing hearing on August 30, 2001, and I took the issue under advisement.[2] This opinion resolves the matter.

### II

The ACCA provides in pertinent part as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....

18 U.S.C.A. § 924(e).

McCloud admittedly has two predicate convictions under the ACCA: One, in this court in 1988, for possession of an unregistered machine gun; and a second, also in this court in 1988, for possession of an unregistered sawed-off shotgun. The defendant does not dispute that these convictions are for violent felonies committed on different occasions, within the meaning of the ACCA.[3]

---

**1.** The indictment in the case does not charge a violation of § 924(e), but even after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), such a charge is not necessary in order to invoke the enhanced penalties resulting from prior convictions. *See United States v. Dorris,* 236 F.3d 582, 586–88 (10th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1635, 149 L.Ed.2d 495 (2001); *United States v. Mack,* 229 F.3d 226, 235 n. 12 (3d Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 2015, 149 L.Ed.2d 1016 (2001).

**2.** Resolution of the question makes a substantial difference in the defendant's sentence. Under the ACCA he faces a mandatory minimum sentence of 15 years. If the ACCA is

not applicable, the defendant's guideline range is 41 to 51 months imprisonment.

**3.** The defendant initially objected to the inclusion of the conviction for possession of an unregistered machine gun, but at the sentencing hearing withdrew that objection. It has been held in this circuit that possession of an unregistered sawed-off shotgun is a "crime of violence" within the meaning of the career offender provisions of the sentencing guidelines. *See United States v. Johnson,* 246 F.3d 330, 334–335 (4th Cir.2001). The terms "felony that is ... a crime of violence" as used in the sentencing guidelines and "violent felony" as used in the ACCA have the same meaning in this context. *See id.* at 333 n. 5. The

The third possible predicate conviction, and the one that the defendant disputes, arose from proceedings in a Virginia state court. On September 29, 1999, during a domestic argument, McCloud hit his girlfriend with a beer bottle and cut her head. As a result, on August 7, 2000, in the Circuit Court of Tazewell County, Virginia, McCloud entered a guilty plea to the felony of malicious wounding. The court order, which is the only evidence before me as to the details of the proceedings, provides in relevant part as follows:

> Whereupon, the defendant was arraigned, and after private consultation with and being advised by his said counsel, pleaded guilty to the indictment, which plea was tendered by the defendant, in person; and the Court, having made inquiry and being of the opinion that the defendant fully understood the nature and effect of his plea, the penalties that may be imposed upon conviction, and the waiver of trial by jury and of appeal, and finding that the plea was voluntarily and intelligently made, proceeded to hear and determine the case without the intervention of a jury as provided by law, upon waiver of presentment of the evidence by the defendant, and his counsel, doth take this matter under advisement for a period of twelve (12) months, and the defendant is placed on supervised probation for an indefinite term with a Probation Officer of this Court....

(Def.'s Ex. 1.)

The defendant concedes that the state crime of malicious wounding is a violent felony; however, he contends that since no finding of guilt was made by the state court, he was not convicted of this crime under state law, and thus has no third conviction within the meaning of the ACCA.[4]

McCloud does not dispute that his plea of guilty to malicious wounding properly counts in the calculation of his criminal history under the sentencing guidelines. That is because "prior sentence" is defined broadly under the sentencing guidelines to include "diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court." U.S. Sentencing Guidelines Manual § 4A1.2, cmt. n. 9 (2000). McCloud admitted his guilt to malicious wounding in open court and thus it was proper for the probation officer to assign one point to this sentence in McCloud's criminal history calculation.[5]

The determination of armed career criminal status, however, does not involve the use of the sentencing guidelines and its

defendant agrees that the reasoning of *Johnson* applies to the crime of possession of an unregistered machine gun. *See United States v. Dwyer,* 245 F.3d 1168, 1172 (10th Cir.2001) (holding that possession of any unregistered weapon is a crime of violence since "the statute making possession of an unregistered weapon illegal is targeted at specific weapons deemed to be particularly dangerous.").

4. It appears that as a result of the present federal conviction, the state authorities have moved to revoke McCloud's probation. However, regardless of what may happen now, the question is McCloud's status in September 2000, when he last illegally possessed a firearm, since all of the predicate convictions under the ACCA must occur *before* the violation of § 922(g). *See United States v. Hobbs,* 136 F.3d 384, 387 n. 3 (4th Cir.1998).

5. Similarly, in determining whether a defendant has a predicate conviction under the "career offender" enhancement provisions of § 4B1.1 of the sentencing guidelines (defendant who is more than 18 years old, stands convicted of a crime of violence or a controlled substance offense, and has at least two prior felony convictions for either crimes of violence or controlled substances offenses) a diversionary sentence like McCloud's is counted. *See United States v. Pierce,* 60 F.3d 886, 892–93 (1st Cir.1995).

definitions, since it is a statutory creation. The statutory definitions applicable to the ACCA are contained in 18 U.S.C.A. § 921 (West 2000). *See Caron v. United States*, 524 U.S. 308, 313, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). That statute provides that what constitutes a conviction of a crime punishable by imprisonment for a term exceeding one year "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C.A. § 921(a)(20).

It should be noted that there is a question as to whether the diversionary sentence imposed on McCloud by the Circuit Court of Tazewell County was authorized by Virginia law. Virginia law expressly allows trial courts to withhold a finding of guilt and impose probation in certain specified crimes. Malicious wounding, however, is not one of the crimes so specified.[6] In *Powell v. Commonwealth*, 34 Va.App. 13, 537 S.E.2d 602 (2000), a panel of the Virginia Court of Appeals held that where this diversionary procedure was not specifically authorized by statute for the crime charged, a trial court was without power to employ it. *See id.* at 605. The en banc court vacated this opinion, however, on the ground that the issue had not been raised before the trial court nor presented or developed by the parties on appeal. *See Powell v. Commonwealth*, 36 Va.App. 231, 548 S.E.2d 926, 927 (2001) (en banc).

In light of this precedent, I will assume that the state court's procedure in McCloud's case was not invalid. At the least, the court was not without jurisdiction to accept the guilty plea but defer a judgment of guilt, since otherwise the en banc *Powell* court would not have found a

waiver of the issue. *See id.* at 927–28 (Humphreys, J., concurring). Absent a contrary authoritative decision of Virginia law, I will embrace the presumption that the court proceeding was regular and valid. *See Voorhees v. Jackson*, 35 U.S. (10 Pet.) 449, 472, 9 L.Ed. 490 (1836) ("There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.").

Accordingly, the issue here is whether, under Virginia law, McCloud's guilty plea in the Circuit Court of Tazewell County constituted a conviction.

The meaning of "conviction" under state law usually depends on the context. *See United States v. Chubbuck*, 252 F.3d 1300, 1304 (11th Cir.2001) (considering whether deferred disposition following a guilty plea constituted a conviction within the meaning of Florida law for purposes of the ACCA); *United States v. Jefferson*, 88 F.3d 240, 243–45 (3d Cir.1996) (same regarding Pennsylvania and New Jersey law).

McCloud relies on *Smith v. Commonwealth*, 134 Va. 589, 113 S.E. 707 (1922), as a dispositive exposition of the Virginia meaning of "conviction." In *Smith*, Virginia's highest court held that where a state statute authorized the removal of elected officials "convicted" of crimes of moral turpitude, an official who had been found guilty by a jury of such a crime, but whose motion to set aside the verdict was still pending, could not be removed since "the word 'convicted' in the statute in question

---

**6.** *Compare* Va.Code Ann. §§ 16.1–278.8 (delinquent juveniles), 16.1–278.9 (delinquent children), 18.2–57.3 (assault and battery against a family member), 18.2–61 (marital rape), 18.2–67.1 (marital forcible sodomy), 18.2–67.2 (marital object sexual assault), 18.2–67 .2:1 (marital sexual assault), 18.2–138.1 (malicious damage to public property), 18.2–251 (possession of controlled substances), *and* 19.2–303.2 (property misdemeanors), *with* Va.Code Ann. § 18.2–51 (malicious wounding).

means convicted by judgment, and requires a judgment of conviction, in addition to the verdict of the jury." *Id.* at 708.

Indeed, "conviction" in another context has even been defined as requiring a final judgment followed by appellate review. *See Prudential Ins. Co. of Am. v. Tull,* 524 F.Supp. 166, 171 (E.D.Va.1981) (construing Virginia insurance proceeds forfeiture statute).

More recently, however, the Virginia Supreme Court construed the term "conviction" in a statute allowing impeachment of a witness by the fact of felony conviction to include a guilty plea that had been accepted by the court but for which no order had been entered stating a finding of guilt or imposing sentence. *See Jewel v. Commonwealth,* 260 Va. 430, 536 S.E.2d 905, 906 (2000). The court distinguished *Smith* and other earlier Virginia cases because they did not involve guilty pleas, but rather jury verdicts of guilty. *See id.* The court noted that "[w]e have described a guilty plea as 'in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law' [and as] 'a conviction and nothing is left but the imposition of the prescribed punishment.'" *Id.* (omitting citations).

Under these circumstances, and based on the most recent pronouncement of the Virginia Supreme Court in *Jewel,* I find that McCloud's guilty plea constituted a conviction under state law and thus was a proper predicate for his ACCA status.[7]

---

7. Virginia has adopted nonmandatory criminal sentencing guidelines, but they do not appear to contain a definitive definition of "conviction." They do provide that "[i]f there is a finding of guilt or the acceptance of a plea agreement, the offense will be scored as a conviction." Va. Sentencing Guidelines Manual 43 (2001). On the other hand, the Virginia guidelines provide that only first offender drug diversions under Va.Code Ann.

## III

For the foregoing reasons, it is **ORDERED** that the defendant's objection to the presentence investigation report is denied.

§ 18.2–251 (Michie 1996 & Supp.2001), where the court does not enter a finding of guilt, "cannot be scored as prior convictions." *Id.* The present situation is analogous to the acceptance of a plea agreement. Accordingly, while not definitive on the question, the Virginia sentencing guidelines support the view of *Jewel* that a guilty plea in general is equivalent to a conviction.