COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

UNPUBLISHED

JEFFREY ALAN HURLY, S/K/A
 JEFFEREY ALLEN HURLEY

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 1160-12-1              JUDGE JEAN HARRISON CLEMENTS
                                                     OCTOBER 1, 2013

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Norman A. Thomas, Judge

             John E. Robins, Jr., for appellant.

             Robert H. Anderson, III, Senior Assistant Attorney General
             (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


       On January 27, 2010, the trial court entered an order finding Jeffrey Alan Hurly (appellant)

in violation of his probation. The trial court revoked appellant's previously suspended sentence of

seven years and five months and resuspended three years of the sentence. The trial court ordered

appellant to serve the remainder of his suspended sentence as well as any unserved portion of his

active sentence from the underlying convictions. On appeal of this decision,[1] appellant contends the

trial court erred in "failing to allow appellant to withdraw the guilty plea entered for him by his

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Appellant's initial appeal from the trial court's decision was denied because he failed to
file transcripts indispensable to review of the assignments of error raised on appeal. Hurly v.
Commonwealth, Record No. 1212-10-1 (Va. Ct. App. Jan. 28 and May 9, 2011). The Supreme
Court of Virginia refused appellant's petition for appeal. Hurley v. Commonwealth, Record
No. 111063 (Va. Sept. 30, 2011). On June 1, 2012, this Court granted appellant's motion,
pursuant to Code § 19.2-321.1, for leave to pursue a delayed appeal. The present appeal
followed. Through the course of the appellate process, appellant's last name has been spelled
both "Hurly" and "Hurley," and his first name has appeared as "Jeffrey" and "Jefferey."

attorney to violating the terms of his probation." We find no error and affirm the trial court's decision.

## BACKGROUND

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

By order entered on July 15, 2009, appellant was sentenced to nine years with seven years and five months suspended upon convictions of eluding the police, child neglect, and failing to appear in court. Appellant was to serve his active sentence on home electronic monitoring. He was also ordered to complete five years of probation.[2]

In a letter dated November 24, 2009, the Norfolk Sheriff's Office notified the trial court that appellant had absconded from home incarceration and fled to Florida, where he was apprehended. The trial court issued a capias for appellant's arrest for violating probation.[3]

---

[2] The trial court entered an order on January 12, 2012, *nunc pro tunc* to July 15, 2009, amending the 2009 order to state: "Supervised probation: The defendant is placed on indeterminate supervised probation not to exceed a period of five years to commence on his release from incarceration. The Defendant shall comply with all the rules and requirements set by the Probation Officer." All other provisions of the 2009 order were to remain intact.

[3] We note that at the time he absconded and fled to Florida, appellant was serving the active portion of his sentence, and had not been admitted to probation. Appellant has raised no issue on appeal regarding whether the trial court erred in finding appellant in violation of probation and revoking a portion of his suspended sentence for misconduct that occurred while he was serving the active portion of his sentence. But see Collins v. Commonwealth, 269 Va. 141, 146, 607 S.E.2d 719, 721 (2005) (holding that "the condition of good behavior is implicit in every order suspending sentence," and that implicit condition attaches "from the moment following [the] pronouncement" of a suspended sentence); Hodgins v. Commonwealth, 61 Va. App. 102, 110-11, 733 S.E.2d 678, 682 (2012) (finding Code § 19.2-306 authorized the trial court to revoke suspended sentence for conduct that occurred while defendant was serving active sentence on work release).

At the beginning of the revocation hearing on January 22, 2010, the clerk asked how appellant was "pleading to the violation." Appellant's attorney answered, "He would stipulate he is in violation[.]" The Commonwealth introduced the sheriff's letter of November 24, 2009. The Commonwealth also introduced the testimony of witnesses that appellant had obtained thousands of dollars from his elderly grandmother, with whom he had been assigned to live during his home incarceration. A representative of the Norfolk Sheriff's Office testified that appellant escaped from home incarceration on October 23, 2009, and the office had expended considerable resources locating him and returning him to Virginia. His whereabouts in Florida were discovered after he was arrested for shoplifting there. In addition, appellant had been charged in Virginia with the misdemeanor of violating home electronic monitoring.[4]

Testifying in his own behalf, appellant admitted that he deliberately violated his home monitoring and left the state. He said he had been mistaken in thinking that his actions would constitute a separate offense, but could not serve as the basis for revocation of his suspended sentence because the probation period had not yet started. He claimed he intended to repay his grandmother $60,000, which she had loaned him.

At the conclusion of the hearing, the trial court found appellant in violation, revoked his suspended sentence, and resuspended three years. The trial court scheduled a hearing for February 24, 2010 to determine the amount of restitution to be imposed upon appellant for the expenses incurred by the sheriff's office in locating him and returning him to Virginia.

As the February 24, 2010 hearing began, the trial court, the prosecutor, and appellant's recently appointed lawyer agreed that the sole purpose of the hearing was to determine the amount

---

[4] The record reflects that appellant was convicted in general district court of violating home incarceration, he appealed that conviction to the trial court, but that he withdrew his appeal.

of restitution.[5] The Commonwealth introduced evidence detailing the amount of restitution due the Norfolk Sheriff's Office and the City of Norfolk. During his testimony, appellant asked to be permitted to withdraw the guilty plea his former attorney entered on his behalf. He said he had filed a *pro se* motion to that effect. The trial court stated that the only matter properly before it was the determination of restitution. It found that the January 27, 2010 order finding appellant in violation had become final, and refused to consider appellant's oral motion to withdraw his guilty plea. The trial court entered an order determining restitution.

## ANALYSIS

Appellant contends on appeal that counsel's stipulation that the evidence was sufficient to prove he was in violation of his suspended sentence was the "functional equivalent of a guilty plea." After he assumes this to be true, he then claims that his right to due process was violated because the trial court did not ascertain from appellant that he was entering a guilty plea knowingly and intelligently. According to appellant, the entry of the guilty plea resulted in manifest injustice because he could not thereafter contest the fact of the violation, and he should have been allowed to withdraw the guilty plea.

We disagree with appellant's underlying premise that he entered a guilty plea to a probation violation. Neither appellant nor his attorney stated at the revocation hearing that he was "pleading guilty." The law is well settled that a guilty plea is "'in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law.'" Jewel v. Commonwealth, 260 Va. 430, 432, 536 S.E.2d 905, 906 (2000) (quoting Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969)). While a revocation proceeding is a part of the "criminal process," Green v. Commonwealth, 263 Va. 191, 194, 557 S.E.2d 230, 232 (2002), "[b]oth the United States

_____

[5] On February 22, 2010 the attorney who represented appellant at the revocation hearing was permitted to withdraw, and another attorney was appointed to represent appellant in the matter.

- 4 -

Supreme Court and this Court have previously indicated . . . revocation hearings are not a stage of criminal prosecution . . . ," Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991) (citing Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973)). A revocation proceeding "occur[s] after a criminal prosecution has ended in a conviction," Henderson v. Commonwealth, 285 Va. 318, 325, 736 S.E.2d 901, 905 (2013), but does not itself result in a criminal conviction.

"A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.'" Davis, 12 Va. App. at 86, 402 S.E.2d at 687. At the beginning of the revocation hearing, defense counsel stipulated that appellant's conduct violated the terms under which he was sentenced in 2009. Notwithstanding the stipulation, the Commonwealth presented evidence that appellant had failed to remain of good conduct since his sentencing in 2009. Though he attempted to explain or justify his actions, appellant admitted to the trial court that he had removed his monitoring device and escaped from his active incarceration. Exercising its authority under Code § 19.2-306, the trial court concluded appellant was in violation and ordered him to serve a portion of his previously suspended sentence. Appellant has not argued on appeal that the trial court abused its discretion in finding appellant in violation.

### CONCLUSION

Because appellant did not enter a guilty plea, we find no merit to appellant's argument that the trial court erred in not permitting him to withdraw such a plea.[6] Accordingly, we affirm the trial court's decision.

Affirmed.

---

[6] In light of this conclusion, we do not consider the Commonwealth's arguments that the "law of the case" doctrine and principles of *res judicata* bar consideration of the claim on appeal.

- 5 -